**George Alan RIBELIN, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–98–187–CR, 2–98–188–CR.**

Court of Appeals of Texas,
Fort Worth.

Sept. 9, 1999.

D. Keith Orsburn, Denton, for appellant.

Bruce Isaacks, Criminal Dist. Atty., Yolanda M. Joosten, Bruce McFarling, Cary Piel, Assts., Denton, for appellee.

Panel A: CAYCE, C.J.; DAY and DAUPHINOT, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

George Alan Ribelin pleaded guilty to the offenses of possession of cocaine with intent to deliver and possession of marihuana. The court accepted the pleas and, in its written judgments, assessed punishment at eight years for the cocaine offense and one year's confinement on the marihuana offense. In two points, Ribelin argues that the trial court erred by failing to timely admonish him of the consequences of his guilty plea and by orally rendering punishment outside the legally authorized range. We will affirm.

Ribelin was charged with the offenses of possession of cocaine with intent to deliver (no. 2–98–187–CR) and possession of marihuana (no. 2–98–188–CR). On February 9, 1998, the court held the guilt/innocence phase of Ribelin's cases. Sometime before the February 9 hearing, the court provided Ribelin with written admonishments of the consequences of pleading guilty, which contained the disclosures required by article 26.13 of the code of criminal procedure.[1] Both Ribelin and his attorney signed the court's written admonishments; however, neither Ribelin nor his attorney

indicated the date the admonishments were received or executed. Nonetheless, Ribelin assured the court at the February 9 hearing that he had read and understood the admonishments. The court then accepted Ribelin's open guilty plea to each offense and found him guilty in both cases. The court then reset the cases for punishment, pending the completion of the State's presentence investigation report. On February 23, the court held the punishment hearing and orally pronounced its judgment:

> George Alan Ribelin, the Court having found you guilty of the offenses of possession of controlled substance with intent to deliver ... and the offense of possession of marijuana ... the Court assesses your punishment in each of these causes at eight years confinement in the institutional division of Texas Department of Criminal Justice.

When the court reduced the judgment to writing on February 27, 1998, however, the punishment for the possession of marihuana offense varied from the oral pronouncement at the sentencing hearing. The written order provided:

> **IT IS THEREFORE FOUND AND ADJUDGED** by the Court that the said defendant is guilty of the felony offense of POSSESSION OF MARIHUANA ... and that the punishment is hereby assessed at confinement in the County Jail of Denton County, Texas for ONE (1) YEAR[.]

■ In his first point, Ribelin claims that his guilty pleas were not freely and knowingly made. Specifically, he complains that the two-week delay between the court's written admonishments and the hearing assessing punishment rendered his pleas involuntary.

■ Before a trial court may accept an open plea of guilt, article 26.13 of the code

---

1. Article 26.13 requires that, prior to accepting an open plea of guilt, the trial court must admonish the defendant, either orally or in writing, as to the range of punishment attached to the offense and the deportation consequences if the defendant is not a citizen of the United States. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(a), (d) (Vernon 1989).

of criminal procedure requires the trial court to admonish the defendant of the punishment range attached to the offense and the deportation consequences of pleading guilty and to assess the voluntariness of the plea. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(a), (b), (d); *see also Anderson v. State*, 985 S.W.2d 195, 197 (Tex.App.—Fort Worth 1999, pet. ref'd) (op. on reh'g). When the record reflects that a defendant was properly admonished, it presents a prima facie showing that the guilty plea was knowing and voluntary. *See, e.g., Crawford v. State*, 890 S.W.2d 941, 944 (Tex.App.—San Antonio 1994, no pet.); *Richard v. State*, 788 S.W.2d 917, 920 (Tex. App.—Houston [1 st Dist.] 1990, no pet.). The burden then shifts to the defendant to establish that, notwithstanding the statutory admonishments, he did not understand the consequences of his plea. *See Richard*, 788 S.W.2d at 920.

The record in this case reflects that the court fully complied with the mandates of article 26.13. At the hearing on February 9, the court asked Ribelin if he had read the court's written admonishments and discussed them with his attorney. Ribelin assured the court that he understood the admonishments and that he was mentally competent to make the pleas. He further stated that his pleas were made freely and voluntarily. Only then did the court accept the pleas and find Ribelin guilty of both offenses. Because the trial court properly admonished Ribelin prior to accepting his guilty pleas, the burden shifts to Ribelin to show that he pleaded guilty without understanding the consequences of doing so. *See id.*

Ribelin, however, has failed to meet his burden. Without explanation or authority, he argues that the two-week delay between the guilt phase and punishment phase, in and of itself, rendered his pleas involuntary. He has not referenced, nor have we found, any evidence in the record to show that he did not understand the information in the court's written admonishments when he signed them prior to the entry of the pleas and the adjudication of his guilt at the guilt/innocence hearing on February 9. We also note that Ribelin does not contend, and the record does not show, that he would not have pleaded guilty or withdrawn his plea at the February 23 punishment hearing. We conclude, therefore, that Ribelin has failed to overcome the presumption that, because the court properly provided the admonishments required by article 26.13, his pleas were knowingly and voluntarily made. We overrule point one.

■ In his second point, Ribelin contends that the trial court erred because punishment orally rendered for the marihuana offense exceeded the maximum sentence authorized by law. *See Fullbright v. State*, 818 S.W.2d 808, 809 (Tex.Crim.App. 1991). The State concedes the trial court erred in rendering punishment, but contends that such error is harmless.

■ Under the health and safety code, the possession of between one-fourth ounce and five pounds of marihuana, as in this case, is a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.120(b)(3) (Vernon Supp.1999). A state jail felony carries a sentence of 180 days to 2 years incarceration, and a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.35(a), (b) (Vernon 1994). If a sentence exceeds the statutory maximum, it is unlawful and cannot be enforced. *See Fullbright*, 818 S.W.2d at 809; *Heath v. State*, 817 S.W.2d 335, 336 (Tex. Crim.App.1991).

The trial court's oral pronouncement of punishment at eight years in this case far exceeded the two-year statutory maximum for the offense of possession of marihuana. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.120. Clearly, the court's oral rendition of punishment was error and, as a result, we may not enforce the eight-year sentence. *See Fullbright*, 818 S.W.2d at 809; *Heath*, 817 S.W.2d at 336. Ribelin, however, is not serving the eight-year sentence, but the one-year sentence imposed

by the court's written judgment. Thus, the court's error does not arise from imposition of an illegal sentence, but from the variance between the court's oral pronouncement of sentence and its written judgment. We may only reverse if this variance affected Ribelin's substantial rights. *See* Tex.R.App. P. 44.2(b); *see also Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim.App.1997) (no error "is categorically immune to a harmless error analysis").[2]

In this case, the one-year sentence actually imposed on Ribelin by the court's written judgment is within the two-year statutory range for state jail felonies. *See* Tex. Penal Code Ann. § 12.35. Moreover, Ribelin is serving the sentence concurrently with the eight-year sentence in cause no. 2–98–187–CR. Consequently, we do not believe the court's error affected Ribelin's substantial rights. We, therefore, disregard the variation in punishment between the court's oral rendition and written judgment and overrule point two.

Having overruled points one and two, we affirm the judgments of the trial court.

---

2. Ribelin argues that the oral pronouncement of sentence controls over the court's written judgment. *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex.Crim.App.1998). He further posits that, because the orally rendered sentence is illegal, his conviction is void and must be set aside. In *Coffey*, the trial court orally assessed punishment at five years' confinement; however, the court's written judgment added a $750 fine. Because both the sentence and fine were within the legally authorized punishment range, the court of criminal appeals was required to decide which sentence controlled. The court held that, "when there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls." *Id.* However, nothing in *Coffey* suggests that, if the oral pronouncement of sentence is legally unenforceable, as in the present case, the oral pronouncement nonetheless prevails over an enforceable sentence as set forth in the written judgment.