Bosley v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-328-CR

ROBERT RAY BOSLEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372
ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Robert Ray Bosley appeals from his conviction and sentence for aggravated robbery with a deadly weapon.  In a single point on appeal, appellant contends that his open plea of guilty was involuntary because it was based on erroneous information provided by his trial attorney.  We will affirm.

Before a trial court may accept a guilty plea, the court must admonish the defendant concerning the range of punishment attached to the offense and must determine that the plea is free and voluntary.  
Tex. Code Crim. Proc. Ann.
 art. 26.13(a)(1), (b) (Vernon 1989 & Supp. 2003); 
Ribelin v. State,
 1 S.W.3d 882, 883-84 (Tex. App.—Fort Worth 1999, pet. ref’d).  The trial court’s admonishments may be oral or in writing; but if only written admonishments are given, the defendant and his attorney must both sign a statement stating that the defendant understands the admonishments and is aware of the consequences of his plea.  
Tex. Code Crim. Proc. Ann.
 art. 26.13(d) (Vernon 1989).  The presence of article 26.13 admonishments in the record creates a prima facie showing that the guilty plea was entered knowingly and voluntarily.  
Martinez v. State,
 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); 
Ribelin,
 1 S.W.3d at 884.  The burden then shifts to the defendant to establish that, notwithstanding the statutory admonishments, he did not understand the consequences of his plea.  
Martinez,
 981 S.W.2d at 197; 
Ribelin,
 1 S.W.3d at 884.  In determining the voluntariness of a plea, we consider the totality of the circumstances, viewed in light of the entire record.  
Williams v. State,
 522 S.W.2d 483, 485 (Tex. Crim. App. 1975); 
Lee v. State,
 39 S.W.3d 373, 375 (Tex. App.—Houston [1
st
 Dist.] 2001, no pet.).

The record here contains the requisite written admonishments and statement signed by appellant and his attorney.  Concerning punishment, the trial court admonished appellant:

4. If convicted, you face the range of punishment checked below:

[✓] 
FIRST DEGREE FELONY
:  Life or any term of not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice . . . .

. . . .

5. 
OPEN PLEA - NO PLEA BARGAIN
:
    There is no plea bargain in this case.  This is your trial.  If the Court finds you guilty, it may assess your punishment at anywhere within the range prescribed for the offense you are charged with.  If you are eligible, you may receive community supervision or deferred adjudication, but there is no assurance that you will. 

The written waiver, which both appellant and his attorney signed, stated that appellant (1) had read and fully understood all the written plea admonishments and had no questions about them; (2) was aware of the possible consequences of his plea, including possible punishment; and (3) made his plea knowingly, freely, and voluntarily and had not been persuaded or promised anything to make the plea.  Finally, the trial court certified that appellant had been given the written plea admonishments, that appellant understood the nature and consequences of his plea, and that the plea was intelligently, freely, knowingly, and voluntarily made.  This evidence creates a prima facie showing that appellant’s guilty plea was knowing and voluntary.  
See Martinez,
 981 S.W.2d at 197; 
Ribelin,
 1 S.W.3d at 884.

On appeal, appellant asserts that he pleaded guilty to the charged offense only because his court-appointed attorney assured him that he “would get probation if I plead guilty before the Judge [but] would surely lose a trial by jury.  I had no knowledge of the law and was led to believe that I would go home with probation and not get prison time.”  This assertion is not supported by the record.  Although appellant states that he will seek leave of court to supplement the record with evidence that supports these allegations, no such leave has been sought, nor has a supplemental clerk’s record containing the alleged evidence been filed.

The record does show that, more than a month before making his plea, appellant filed an unsworn statement complaining that his attorney was not interested in his case because the attorney “simply suggested that I go before a judge with a plea of guilty, assuring me I would get probation.”  There is, however, no evidence that appellant relied on his counsel’s alleged assurances in entering his guilty plea.  In the same statement, appellant reported that he had later rejected a plea-bargain offer—presented by the same attorney—of a five-year prison term.  Thus, even if appellant’s attorney initially told him that he would receive probation if he pleaded guilty, appellant’s statement shows that he later became aware that he could receive prison time.  In addition, after this purported exchange took place, appellant was fully admonished.  He also signed a declaration that he was pleading guilty freely, voluntarily, and with full awareness of the punitive consequences of his plea and that he was totally satisfied with his attorney’s representation, which was fully effective and competent.  

Having reviewed the entire record, we conclude that appellant has not 
rebutted the prima facie showing that his plea was knowing and voluntary.  
See Martinez,
 981 S.W.2d at 197; 
Ribelin,
 1 S.W.3d at 883-84.  The fact that appellant received greater punishment than he had hoped for did not render his plea involuntary.  
See West v. State,
 702 S.W.2d 629, 633 (Tex. Crim. App. 1986); 
Tovar-Torres v. State,
 860 S.W.2d 176, 178 (Tex. App.—Dallas 1993, no pet.).  We overrule appellant’s point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: July 10, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.