COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-328-CR
 
ROBERT RAY BOSLEY                                                        
           APPELLANT
V.
THE STATE OF TEXAS                                                                       
STATE
------------
FROM THE 372
ND DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Robert Ray Bosley appeals from his
conviction and sentence for aggravated robbery with a deadly weapon. In a single
point on appeal, appellant contends that his open plea of guilty was involuntary
because it was based on erroneous information provided by his trial attorney. We
will affirm.
Before a trial court may accept a guilty
plea, the court must admonish the defendant concerning the range of punishment
attached to the offense and must determine that the plea is free and voluntary.
Tex. Code Crim. Proc. Ann. art. 26.13(a)(1), (b) (Vernon 1989 & Supp. 2003);
Ribelin v. State, 1 S.W.3d 882, 883-84 (Tex. App.--Fort Worth 1999,
pet. ref'd). The trial court's admonishments may be oral or in writing; but if
only written admonishments are given, the defendant and his attorney must both
sign a statement stating that the defendant understands the admonishments and is
aware of the consequences of his plea. Tex. Code Crim. Proc. Ann. art. 26.13(d)
(Vernon 1989). The presence of article 26.13 admonishments in the record creates
a prima facie showing that the guilty plea was entered knowingly and
voluntarily. Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App.
1998); Ribelin, 1 S.W.3d at 884. The burden then shifts to the
defendant to establish that, notwithstanding the statutory admonishments, he did
not understand the consequences of his plea. Martinez, 981 S.W.2d at
197; Ribelin, 1 S.W.3d at 884. In determining the voluntariness of a
plea, we consider the totality of the circumstances, viewed in light of the
entire record. Williams v. State, 522 S.W.2d 483, 485 (Tex. Crim. App.
1975); Lee v. State, 39 S.W.3d 373, 375 (Tex. App.--Houston [1st
Dist.] 2001, no pet.).
The record here contains the requisite
written admonishments and statement signed by appellant and his attorney.
Concerning punishment, the trial court admonished appellant:

        
 4. If convicted, you face the range of punishment checked below:
 
        
 [X] FIRST DEGREE FELONY:
 Life or any term of not more than 99 years or less than 5 years in the
 Institutional Division of the Texas Department of Criminal Justice . . . .
 

                     
. . . .

        
 5. OPEN PLEA - NO PLEA
 BARGAIN: There is no
 plea bargain in this case. This is your trial. If the Court finds you guilty,
 it may assess your punishment at anywhere within the range prescribed for the
 offense you are charged with. If you are eligible, you may receive community
 supervision or deferred adjudication, but there is no assurance that you will.

The written waiver, which both appellant
and his attorney signed, stated that appellant (1) had read and fully understood
all the written plea admonishments and had no questions about them; (2) was
aware of the possible consequences of his plea, including possible punishment;
and (3) made his plea knowingly, freely, and voluntarily and had not been
persuaded or promised anything to make the plea. Finally, the trial court
certified that appellant had been given the written plea admonishments, that
appellant understood the nature and consequences of his plea, and that the plea
was intelligently, freely, knowingly, and voluntarily made. This evidence
creates a prima facie showing that appellant's guilty plea was knowing and
voluntary. See Martinez, 981 S.W.2d at 197; Ribelin, 1 S.W.3d
at 884.
On appeal, appellant asserts that he
pleaded guilty to the charged offense only because his court-appointed attorney
assured him that he "would get probation if I plead guilty before the Judge
[but] would surely lose a trial by jury. I had no knowledge of the law and was
led to believe that I would go home with probation and not get prison
time." This assertion is not supported by the record. Although appellant
states that he will seek leave of court to supplement the record with evidence
that supports these allegations, no such leave has been sought, nor has a
supplemental clerk's record containing the alleged evidence been filed.
The record does show that, more than a
month before making his plea, appellant filed an unsworn statement complaining
that his attorney was not interested in his case because the attorney
"simply suggested that I go before a judge with a plea of guilty, assuring
me I would get probation." There is, however, no evidence that appellant
relied on his counsel's alleged assurances in entering his guilty plea. In the
same statement, appellant reported that he had later rejected a plea-bargain
offer--presented by the same attorney--of a five-year prison term. Thus, even if
appellant's attorney initially told him that he would receive probation if he
pleaded guilty, appellant's statement shows that he later became aware that he
could receive prison time. In addition, after this purported exchange took
place, appellant was fully admonished. He also signed a declaration that he was
pleading guilty freely, voluntarily, and with full awareness of the punitive
consequences of his plea and that he was totally satisfied with his attorney's
representation, which was fully effective and competent.
Having reviewed the entire record, we
conclude that appellant has not rebutted the prima facie showing that his plea
was knowing and voluntary. See Martinez, 981 S.W.2d at 197; Ribelin,
1 S.W.3d at 883-84. The fact that appellant received greater punishment than he
had hoped for did not render his plea involuntary. See West v. State,
702 S.W.2d 629, 633 (Tex. Crim. App. 1986); Tovar-Torres v. State, 860
S.W.2d 176, 178 (Tex. App.--Dallas 1993, no pet.). We overrule appellant's point
and affirm the trial court's judgment.
 
                                                                      
PER CURIAM
 
PANEL F: CAYCE, C.J.; HOLMAN and GARDNER,
JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: July 10, 2003

1. See Tex. R. App. P. 47.4.