COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-475-CR
  
  
JEREMY 
W. KUTA                                                                 APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
------------
 
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Jeremy W. Kuta appeals his conviction for aggravated sexual assault of a child 
under fourteen years of age. Appellant entered an open plea of guilty to that 
offense, and the trial court assessed his punishment at fifty years’ 
confinement.  In one issue, Appellant challenges the voluntariness of his 
guilty plea.  We will affirm.
I. FACTUAL AND PROCEDURAL BACKGROUND
        The 
State alleged in nine counts that Appellant engaged in aggravated sexual conduct 
and indecency by fondling, contact, and exposure with A.S., who was seven and 
turned eight years old over the period of the charged conduct.  On February 
24, 2003, Appellant pleaded guilty to count one and judicially confessed to 
penetrating A.S.’s sexual organ with his sexual organ.  The trial court 
accepted Appellant’s guilty plea, finding that it was freely and voluntarily 
made and that Appellant was competent to stand trial.  The court took 
judicial notice of Appellant’s written judicial confession and recessed the 
proceedings until the presentence investigation report (“PSI”) had been 
completed.
        On 
November 6, 2003, following the completion of the PSI, the trial court held a 
punishment hearing.  Both the State and defense counsel stated that they 
had received and reviewed the PSI and had no comments or corrections concerning 
its contents.  The State then rested, informing the court that it had no 
additional evidence to present the court, and Appellant likewise rested.
        After 
each side presented a closing argument, the trial court stated that it had 
accepted Appellant’s guilty plea and determined that it was voluntarily and 
freely made.  The court also determined that Appellant was competent to 
stand trial.  The court indicated that it had taken judicial notice of 
Appellant’s judicial confession and found Appellant guilty of aggravated 
sexual assault as charged in count one in the indictment.  Further, upon 
consideration of all the circumstances in the case, the court sentenced 
Appellant to fifty years’ confinement.
II. VOLUNTARINESS OF GUILTY PLEA
        In 
his sole issue, Appellant complains that his plea was involuntary.  
Appellant concedes that he is not attacking whether he was competent, but he 
argues that his “mental status, quite apart from the issue of competence, 
rendered his plea involuntary.”  He directs us to the PSI and argues that 
“his severe mental disorders and maladaptive functioning [as shown in the PSI] 
made it impossible for him to make a voluntary and knowing plea.”  The 
State characterizes Appellant’s issue on appeal as a novel attack and responds 
that Appellant has failed to overcome the prima facie showing on the record that 
he entered a knowing and voluntary plea.  We agree with the State.
        It 
is well settled that a guilty plea must be freely, knowingly, and voluntarily 
made. Brady v. United States, 397 U.S. 742, 748, 90 S. Ct. 1463, 1468-69 
(1970); Mitschke v. State, 129 S.W.3d 130, 132 (Tex. Crim. App. 2004). In 
considering the voluntariness of a guilty plea, the court should examine the 
record as a whole. Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. 
App. 1998).  The admonitions required by article 26.13(a) apply in guilty 
pleas for felony offenses and may be made orally or in writing. Tex. Code Crim. Proc. Ann. art. 26.13 
(Vernon 1989 & Supp. 2004); State v. Jimenez, 987 S.W.2d 886, 888 
(Tex. Crim. App. 1999).  When the record reflects that a defendant was 
properly admonished, it presents a prima facie showing that the guilty plea was 
knowing and voluntary. Martinez, 981 S.W.2d at 197; Ribelin v. State, 
1 S.W.3d 882, 884 (Tex. App.—Fort Worth 1999, pet. ref’d).  The burden 
then shifts to the defendant to show that his or her plea was not 
voluntary.  Martinez, 981 S.W.2d at 197; Ribelin, 1 S.W.3d at 
884.
        Here, 
the record indicates that, before accepting Appellant’s guilty plea, the trial 
court questioned Appellant about the rights and protections he was waiving by 
pleading guilty.  Appellant acknowledged that he had been warned and 
admonished in writing as to the range of punishment, as well as the 
constitutional rights that he would be waiving by pleading guilty, such as the 
waiver of his right to a jury trial.  Appellant stated that he had had an 
opportunity to discuss these rights with his attorney and that he understood 
these rights.  Appellant admitted that he had signed a judicial confession, 
and he informed the court that he understood the significance of his judicial 
confession.
        The 
court also admonished Appellant about Texas’s sex-offender registration 
program, and inquired as to whether Appellant had discussed that particular 
consequence of his conviction with his attorney.  Appellant told the court 
that he had discussed the registration program with his attorney and that he had 
had a chance to discuss the other written admonishments with his attorney.
        The 
court then asked,
[U]nderstanding 
the rights you have, knowing the range of punishment, the State’s 
recommendation or the lack of any recommendation in this case, this would be an 
open plea, you may plead either guilty or not guilty to the offense of 
aggravated sexual assault of a child as charged in count number one of the 
indictment. What is your plea in this case?

Appellant 
responded, “Guilty.”
        Appellant 
then stated that he was pleading guilty for no other reason than that he was 
guilty, and he agreed that he was making a free and voluntary plea.  
Further, Appellant’s trial counsel informed the court that his client was 
competent to stand trial.
        At 
the sentencing hearing, the court again stated that Appellant was competent to 
stand trial and that it had determined appellant’s plea was voluntarily and 
freely made.  Following those proceedings, Appellant made no attempt to 
withdraw his guilty plea, and he did not file a motion for new trial challenging 
the voluntariness of his plea.  We conclude that the record reflects that 
Appellant was properly admonished, thus presenting a prima facie showing that 
his guilty plea was knowingly and voluntarily made.  See Martinez, 
981 S.W.2d at 197; Ribelin, 1 S.W.3d at 884.
        To 
establish that his plea was not voluntary, Appellant contends that the fact that 
his trial counsel requested and obtained a court-appointed psychological 
evaluation shows that counsel questioned his mental status. See Martinez, 
981 S.W.2d at 197; Ribelin, 1 S.W.3d at 884.  But the record 
indicates that at the time of the hearings on Appellant’s guilty plea and 
sentencing, Appellant was clear, lucid, and otherwise mentally competent.  See 
Morales v. State, 587 S.W.2d 418, 419-20 (Tex. Crim. App. 1979). Appellant 
did not offer any evidence by the court-appointed psychologist to support his 
claim that his mental state prevented him from making an intelligent, knowing, 
and voluntary plea.  Further, that Appellant’s attorney requested a 
psychological evaluation is not evidence in itself that Appellant was legally 
incompetent and therefore unable to enter a knowing and voluntary plea of 
guilty.  See id. at 420.
        Appellant 
also directs us to the PSI, which indicates that he had a physically, 
emotionally, and sexually abusive upbringing and a history of mental health 
issues.  In his brief, Appellant argues that, due to the condition of his 
mental health, his ability to process incoming information was greatly impaired, 
and his ability to provide reliable information was also greatly impaired.  
He summarizes, “Appellant may have been competent to stand trial, but, [A]ppellant 
contends, that does not show he was capable of giving a knowing and voluntary 
plea.”
        As 
the State argues in its brief, Appellant is essentially asking this court to 
exclude “mentally disturbed,” but otherwise legally competent, persons from 
being able to plead guilty.  See Tex. Code Crim. Proc. Ann. art. 46.02, 
§ 1A(a) (Vernon Supp. 2004) (providing legal competency standard). Appellant 
has not cited any statute or case law to support such a broad exclusion of 
admittedly competent individuals from participating in the criminal justice 
system.  We agree with the State that Appellant’s concession that he was 
properly admonished, his trial counsel’s opinion that he was competent, the 
trial court’s determination that Appellant was competent, and the absence of 
any evidence to the contrary in this appeal, forecloses his claim that his plea 
was involuntary due to his alleged “severe mental disorders and maladaptive 
functioning.”  See id.; see also 43 George E. Dix 
& Robert O. Dawson, Texas Practice: Criminal Practice & Procedure § 34.63, at 363 (2d ed. 2001) 
(stating that defense counsel’s opinion regarding the defendant’s competency 
“is probably the best indication of the defendant’s mental competency 
available to the trial court in a guilty plea proceeding”).
        Upon 
our careful examination of the record, we hold that Appellant has not rebutted 
the prima facie showing that his plea was knowing and voluntary.  See 
Martinez, 981 S.W.2d at 197; Ribelin, 1 S.W.3d at 884.  We 
therefore overrule Appellant’s sole issue.
III. CONCLUSION
        Having 
overruled Appellant’s sole issue, we affirm the trial court’s judgment.
  
                                                          ANNE 
GARDNER
                                                          JUSTICE
 
 
PANEL 
B:   HOLMAN, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 6, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.