KUTA V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-475-CR

JEREMY W. KUTA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jeremy W. Kuta appeals his conviction for aggravated sexual assault of a child under fourteen years of age.  Appellant entered an open plea of guilty to that offense, and the trial court assessed his punishment at fifty years’ confinement.  In one issue, Appellant challenges the voluntariness of his guilty plea.  We will affirm.

I.  FACTUAL AND PROCEDURAL BACKGROUND

The State alleged in nine counts that Appellant engaged in aggravated sexual conduct and indecency by fondling, contact, and exposure with A.S.,  who was seven and turned eight years old over the period of the charged conduct.  On February 24, 2003, Appellant pleaded guilty to count one and judicially confessed to penetrating A.S.’s sexual organ with his sexual organ. The trial court accepted Appellant’s guilty plea, finding that it was freely and voluntarily made and that Appellant was competent to stand trial.  The court took judicial notice of Appellant’s written judicial confession and recessed the proceedings until the presentence investigation report (“PSI”) had been completed. 

On November 6, 2003, following the completion of the PSI, the trial court held a punishment hearing.  Both the State and defense counsel stated that they had received and reviewed the PSI and had no comments or corrections concerning its contents.  The State then rested, informing the court that it had no additional evidence to present the court, and Appellant likewise rested. 

After each side presented a closing argument, the trial court stated that it had accepted Appellant’s guilty plea and determined that it was voluntarily and freely made.  The court also determined that Appellant was competent to stand trial.  The court indicated that it had taken judicial notice of Appellant’s judicial confession and found Appellant guilty of aggravated sexual assault as charged in count one in the indictment.  Further, upon consideration of all the circumstances in the case, the court sentenced Appellant to fifty years’ confinement. 

II.  VOLUNTARINESS OF GUILTY PLEA

In his sole issue, Appellant complains that his plea was involuntary.  Appellant concedes that he is not attacking whether he was competent, but he argues that his “mental status, quite apart from the issue of competence, rendered his plea involuntary.”  He directs us to the PSI and argues that “his severe mental disorders and maladaptive functioning [as shown in the PSI] made it impossible for him to make a voluntary and knowing plea.”  The State characterizes Appellant’s issue on appeal as a novel attack and responds that Appellant has failed to overcome the prima facie showing on the record that he entered a knowing and voluntary plea.  We agree with the State.

It is well settled that a guilty plea must be freely, knowingly, and voluntarily made.  
Brady v. United States
, 397 U.S. 742, 748, 90 S. Ct. 1463, 1468-69 (1970);
 Mitschke v. State
, 129 S.W.3d 130, 132 (Tex. Crim. App. 2004).  In considering the voluntariness of a guilty plea, the court should examine the record as a whole.  
Martinez v. State
, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).  The admonitions required by article 26.13(a) apply in guilty pleas for felony offenses and may be made orally or in writing.  
Tex. Code Crim. Proc. Ann
. art. 26.13 (Vernon 1989 & Supp. 2004); 
State v. Jimenez,
 987 S.W.2d 886, 888 (Tex. Crim. App. 1999).  When the record reflects that a defendant was properly admonished, it presents a prima facie showing that the guilty plea was knowing and voluntary.  
Martinez
, 981 S.W.2d at 197; 
Ribelin v. State
, 1 S.W.3d 882, 884 (Tex. App.—Fort Worth 1999, pet. ref’d).  The burden then shifts to the defendant to show that his or her plea was not voluntary.   
Martinez
, 981 S.W.2d at 197; 
Ribelin
, 1 S.W.3d at 884.

Here, the record indicates that, before accepting Appellant’s guilty plea, the trial court questioned Appellant about the rights and protections he was waiving by pleading guilty.  Appellant acknowledged that he had been warned and admonished in writing as to the range of punishment, as well as the constitutional rights that he would be waiving by pleading guilty, such as the waiver of his right to a jury trial.  Appellant stated that he had had an opportunity to discuss these rights with his attorney and that he understood these rights.  Appellant admitted that he had signed a judicial confession, and he informed the court that he understood the significance of his judicial confession.  

The court also admonished Appellant about Texas’s sex-offender registration program, and inquired as to whether Appellant had discussed that particular consequence of his conviction with his attorney.  Appellant told the court that he had discussed the registration program with his attorney and that he had had a chance to discuss the other written admonishments with his attorney. 

The court then asked, 

[U]nderstanding the rights you have, knowing the range of punishment, the State’s recommendation or the lack of any recommendation in this case, this would be an open plea, you may plead either guilty or not guilty to the offense of aggravated sexual assault of a child as charged in count number one of the indictment.  What is your plea in this case? 

Appellant responded, “Guilty.” 

Appellant then stated that he was pleading guilty for no other reason than that he was guilty, and he agreed that he was making a free and voluntary plea.  Further, Appellant’s trial counsel informed the court that his client was competent to stand trial.  

At the sentencing hearing, the court again stated that Appellant was competent to stand trial and that it had determined appellant’s plea was voluntarily and freely made.  Following those proceedings, Appellant made no attempt to withdraw his guilty plea, and he did not file a motion for new trial challenging the voluntariness of his plea.  We conclude that the record reflects that Appellant was properly admonished, thus presenting a prima facie showing that his guilty plea was knowingly and voluntarily made.  
See Martinez
, 981 S.W.2d at 197; 
Ribelin
, 1 S.W.3d at 884.

To establish that his plea was not voluntary, Appellant contends that the fact that his trial counsel requested and obtained a court-appointed psychological evaluation shows that counsel questioned his mental status.  
See Martinez
, 981 S.W.2d at 197; 
Ribelin
, 1 S.W.3d at 884.  But the record indicates that at the time of the hearings on Appellant’s guilty plea and sentencing, Appellant was clear, lucid, and otherwise mentally competent.  
See Morales v. State
, 587 S.W.2d 418, 419-20 (Tex. Crim. App. 1979).  Appellant did not offer any evidence by the court-appointed psychologist to support his claim that his mental state prevented him from making an intelligent, knowing, and voluntary plea.  Further, that Appellant’s attorney requested a psychological evaluation is not evidence in itself that Appellant was legally incompetent and therefore unable to enter a knowing and voluntary plea of guilty.  
See id
. at 420.

Appellant also directs us to the PSI, which indicates that he had a physically, emotionally, and sexually abusive upbringing and a history of mental health issues.  In his brief, Appellant argues that, due to the condition of his mental health, his ability to process incoming information was greatly impaired, and his ability to provide reliable information was also greatly impaired.  He summarizes, “Appellant may have been competent to stand trial, but, [A]ppellant contends, that does not show he was capable of giving a knowing and voluntary plea.”  

As the State argues in its brief, Appellant is essentially asking this court to exclude “mentally disturbed,” but otherwise legally competent, persons from being able to plead guilty.  
See
 
Tex. Code Crim. Proc. Ann
. art. 46.02, § 1A(a) (Vernon Supp. 2004) (providing legal competency standard).  Appellant has not cited any statute or case law to support such a broad exclusion of admittedly competent individuals from participating in the criminal justice system.  We agree with the State that Appellant’s concession that he was properly admonished, his trial counsel’s opinion that he was competent, the trial court’s determination that Appellant was competent, and the absence of any evidence to the contrary in this appeal, forecloses his claim that his plea was involuntary due to his alleged “severe mental disorders and maladaptive functioning.”  
See id.
; 
see also 
43
 George E. Dix & Robert O. Dawson
, 
Texas Practice:  Criminal Practice & Procedure 
§ 34.63, at 363 (2d ed. 2001) (stating that defense counsel’s opinion regarding the defendant’s competency “is probably the best indication of the defendant’s mental competency available to the trial court in a guilty plea proceeding”). 

Upon our careful examination of the record, we hold that Appellant has not rebutted the prima facie showing that his plea was knowing and voluntary.  
See Martinez
, 981 S.W.2d at 197; 
Ribelin
, 1 S.W.3d at 884.  We therefore overrule Appellant’s sole issue.

III.  CONCLUSION

Having overruled Appellant’s sole issue, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 6, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.