NO. 07-08-0458-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 2, 2009
______________________________

CORNELIUS MARCELLUS MCCASTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 58,070-B; HONORABLE JOHN BOARD, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Following an open plea of guilty, appellant Cornelius Marcellus McCaster was
convicted of the offense of possession of cocaine and sentenced to twenty-two months in
the State Jail Division of the Texas Department of Criminal Justice. In presenting this
appeal, appellant's attorney has filed a brief in compliance with Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and In re Schulman, 252 S.W.3d 403
(Tex.Crim.App. 2008) and certifies that there are no non-frivolous issues to appeal. 
Agreeing with appointed counsel’s conclusion the record fails to show any arguably
meritorious issue that could support the appeal, we affirm the trial court’s judgment. 
          Appellant was charged by a September 2008 information with possession of cocaine
in an amount of less than 1 gram.


 Appellant entered an open plea of guilty. The trial court
heard punishment evidence and sentenced appellant to imprisonment in a state jail facility
for a term of twenty-two months.
          At the hearing, the trial court properly admonished appellant as to the consequences
of his open plea of guilty. The record also contains written admonishments, waivers, and
a judicial confession signed by appellant. The State did not produce any witnesses at the
hearing but tendered three exhibits containing detailed information about appellant’s prior
convictions.


 Appellant testified at the hearing, stating he had been working in New Mexico
at a spa and resort and had also been acting as a drug counselor and motivational
speaker. Appellant also expressed his desire to be placed on probation rather than given
a prison sentence. He described certain rehabilitation programs in which he was interested
and testified he felt such a program would be beneficial to him. On redirect, appellant
testified he felt he would be able to find work in construction if placed on probation. 
 
           After hearing evidence and argument by counsel as to punishment, the trial court
assessed punishment against appellant at twenty-two months in a state jail facility. 
Appellant timely appealed.
          Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and
a brief in support pursuant to Anders in which he certifies that he has diligently reviewed the
record and, in his professional opinion, under the controlling authorities and facts of the
cases, there is no reversible error or legitimate grounds on which a non-frivolous appeal can
arguably be predicated. The brief discusses in detail the procedural history of this case and
the events at the hearing. Counsel discusses the applicable law and sets forth the reasons
he believes there are no arguably meritorious issues on which to appeal. Counsel has
certified that a copy of the Anders brief and motion to withdraw have been served on
appellant, and that counsel has advised appellant of his right to review the record and file
a pro se response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet.
ref'd). By letter, this Court also notified appellant of his opportunity to submit a response
to the Anders brief and motion to withdraw filed by his counsel. Appellant filed a response
but did not raise any additional points.
          In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record in each
matter. Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this
Court determines the appeal has merit, we will remand it to the trial court for appointment
of new counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).
 
          In his brief, appellate counsel discusses the proceedings and concludes there are
no errors that would constitute grounds for reversal. We agree with counsel’s conclusion. 
At the hearing, the trial court properly admonished appellant of the consequences of his
open plea of guilty, including the range of punishment, and ensured appellant signed the
plea documents voluntarily and understood the rights he was relinquishing. Tex. Code
Crim. Proc. Ann. art. 26.13 (Vernon 2007); Ribelim v. State, 1 S.W.3d 882, 883-84
(Tex.App.–Fort Worth 1999, pet. ref’d). 
          Counsel notes also there is no arguable issue on appeal with regard to the
punishment assessed against appellant. We agree. The trial court assessed punishment
against appellant at twenty-two months confinement in a state jail facility of the Texas
Department of Criminal Justice, an acceptable term within the permissible range. See Tex.
Health & Safety Code Ann. § 481.115(d) (Vernon 2003); Tex. Penal Code Ann. § 12.35
(Vernon 2007). It is the general rule that as long as a sentence is within the proper range
of punishment, it will not be disturbed on appeal. Jackson v. State, 680 S.W.2d 809, 814
(Tex.Crim.App. 1984); Rodriguez v. State, 917 S.W.2d 90, 92 (Tex.App.–Amarillo 1996, pet.
ref’d).
          Lastly, counsel identifies the possibility that appellant might argue he had received
ineffective assistance of counsel in the underlying proceedings. See Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and Hernandez v. State,
726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (establishing standard for effective assistance of
counsel). We agree with counsel that the record contains no support for such a contention. 
 
          Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal from appellant’s
conviction and sentence. We agree the record presents no meritorious grounds for review. 
 Accordingly, we grant counsel's motion to withdraw


 and affirm the judgment of the trial
court. 
 
                                                                           James T. Campbell

                                                                                    Justice

 
 
 
 
Do not publish.

 

 

 

 

 
 
 

 

 
 
 
 

          

 
 
 



note4 )">

 itself tends to suggest
what he had on his mind. Simply put, the acts speak for themselves and provide basis (if
believed) for one to reasonably infer that appellant consciously sought to fondle H.D.’s sex
organ. And, because the acts speak for themselves, any suggestion that the extraneous
crime was needed to prove appellant’s specific intent to assault rings hollow. See Kiser
v. State, 893 S.W.2d 277, 282 (Tex. App.–Houston [1st Dist.] 1995, pet. ref'd) (holding that
the State had no need to present evidence of the extraneous offense for purposes of
establishing the intent behind the defendant’s sexually assaulting and choking the
complainant because his intent was evident from the conduct itself). 
          Second, the probative value of the extraneous conviction was substantially
outweighed by its prejudicial impact. See Tex. R. Evid. 403 (stating that “although relevant,
evidence may be excluded if its probative value is substantially outweighed by the danger
of unfair prejudice, confusion of the issues, or misleading the jury, . . . .”). It cannot be
disputed that sexually- related misconduct and misconduct involving a child are inherently
inflammatory. Montgomery v. State, 810 S.W.2d at 397; Booker v. State, 103 S.W.3d 521,
535 (Tex. App.–Fort Worth 2003, pet. ref’d). So, it can be said that appellant’s prior
conviction for indecency with a child had the potential for improperly influencing the jury. 
Furthermore, two witnesses were called by the State for no reason other than to develop
the prior conviction. So, it cannot be said that little attention was focused upon the
extraneous crime, and this enhanced the potential for the evidence improperly influencing
the jury. 
          We further note that the child testified at trial that appellant placed his hands under
her shorts and touched the outside of her vagina approximately three times while tickling
her. So, while the evidence of appellant’s guilt was contradicted by the victim herself,



ample evidence nonetheless existed to support conviction. This, in turn, meant that the
need for the evidence of appellant’s prior conviction was slight. 
          Additionally, the purported relevance of the prior conviction was fairly dependent
upon concluding that appellant’s actions surrounding that conviction were similar to those
involved in the current prosecution. That is, it was not simply the fact that appellant
inserted his finger into the vagina of his prior victim that was purportedly indicative of his
intent to assault her. Rather, it was because he was supposedly tickling the prior victim
when he assaulted her that made it relevant to the issue of appellant’s intentions at bar. 
Thus, the evidence was used in a way to illustrate a modus operandi, one could say. Yet,
that he assaulted the four-year-old while tickling her was itself far from clear. Indeed, the
evidence used to arrive at the inference consisted of nothing more than a single sentence
purportedly uttered by the victim’s mother while the victim was undergoing a medical
examination. Via that sentence, the mother reiterated what the victim allegedly told her,
that is, that appellant was tickling or tickled her.


 Whether this meant that he was doing
so as a prelude to the assault or whether the assault itself consisted of appellant’s touching
the child’s sex organ in a manner that tickled is unknown. It could well have been the latter
for not only did the four-year-old describe the swabbing of her vagina by medical personnel
during her examination as tickling, but one of the witnesses used at bar to illustrate the
prior conviction conceded that the child could have so meant. And, if it was the latter then
the similarities between the prior conviction and current accusation would be further
minimized. So, use of the prior conviction was fraught with the risk of confusion or
misinterpretation of fact due to the conjecture surrounding what the child actually meant,
and this, in turn, further minimized the relevance of the extraneous conviction.
          The circumstances of which we just spoke are factors to be weighed in assessing
whether relevant evidence can nonetheless be excluded via Texas Rule of Evidence 403. 
See Montgomery v. State, supra (so holding). In weighing them at bar, we cannot but
conclude that they preponderate in favor of excluding the evidence of appellant’s prior
conviction. Its probative value was far outweighed by its potential to confuse the jurors or
otherwise induce them to convict for reasons other than actual guilt. As previously noted,
crimes of a sexual nature involving children are inherently inflammatory. And, while sexual
predation of our children must not be countenanced, caution must be used to avoid again
convicting a defendant simply because he may have committed a crime before. 
          In short, admitting appellant’s prior conviction was error. Yet, that does not end our
inquiry for we must now assess whether the error harmed him. That analysis is conducted
within the framework of Texas Rule of Appellate Procedure 44.2(b). Per the latter rule,
error may be ignored unless it affects a right of the accused. Next, it so affects a right
when it substantially and injuriously influences the jury's verdict. King v. State, 953 S.W.2d
266, 271 (Tex. Crim. App.1997) (citing Kotteakos v. United States, 328 U.S. 750, 776, 66
S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)); Coggeshall v. State, 961 S.W.2d 639, 643 (Tex.
App.–Fort Worth 1998, pet. ref’d). And, to determine whether that likelihood exists
depends upon a review of the entire record and the reasonable inferences that can be
extrapolated from it. See Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). 
This, in turn, obligates us to not only weigh the evidence of appellant’s guilt but also assess
the character of the error, the connection between the inadmissible evidence and other
evidence, and its emphasis by the State. See Motilla v. State, 78 S.W.3d 352, 358-59
(Tex. Crim. App. 2002). 
          Regarding the quantum of evidence illustrating appellant’s guilt, enough was there
to support conviction. But, as previously noted, it was not free of contradiction. Moreover,
the comments of the victim herself resurrected the contradiction. And, since there were
no witnesses to the incident save for H.D. and appellant, it is difficult to say that the
evidence of appellant’s guilt was overwhelming. Next, and as mentioned before, the error
involved the introduction of evidence that was inherently inflammatory. And, while the trial
court instructed the jury to consider it only for a limited purpose, its relevance to that
purpose, to the facts in dispute, and to the other evidence was quite suspect. In other
words, if the jury did heed the trial court’s admonishment, the admonishment itself could
be viewed as permitting consideration of the evidence for an improper purpose. Finally,
while the State may not have mentioned appellant’s prior conviction elsewhere in the
guilt/innocence phase of the trial, two of the five prosecution witnesses were used solely
to prove it. Thus, it cannot be reasonably disputed that the inadmissible evidence garnered
attention. So, from this amalgam, we cannot discount the likelihood that appellant’s prior
conviction substantially influenced his current conviction. 
          Simply put, there was enough evidence to warrant conviction without use of the
extraneous conviction. Yet, that is not the test mandated by our Court of Criminal Appeals
for the evidence of guilt must be overwhelming. See Motilla v. State, supra. And, since
it was not here, we have little choice but to recognize the high likelihood that the prior
conviction influenced one or more of the jurors. So, appellant was harmed by its
admission. 
          Having sustained appellant's first issue, we reverse the judgment and remand the
cause for further proceedings. 
 
                                                                           Brian Quinn
                                                                          Chief Justice

Publish.