NO. 07-08-0458-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 2, 2009
_____

CORNELIUS MARCELLUS MCCASTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 58,070-B; HONORABLE JOHN BOARD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following an open plea of guilty, appellant Cornelius Marcellus McCaster was convicted of the offense of possession of cocaine and sentenced to twenty-two months in the State Jail Division of the Texas Department of Criminal Justice. In presenting this appeal, appellant's attorney has filed a brief in compliance with *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008) and certifies that there are no non-frivolous issues to appeal.

Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

Appellant was charged by a September 2008 information with possession of cocaine in an amount of less than 1 gram.[1] Appellant entered an open plea of guilty. The trial court heard punishment evidence and sentenced appellant to imprisonment in a state jail facility for a term of twenty-two months.

At the hearing, the trial court properly admonished appellant as to the consequences of his open plea of guilty. The record also contains written admonishments, waivers, and a judicial confession signed by appellant. The State did not produce any witnesses at the hearing but tendered three exhibits containing detailed information about appellant's prior convictions.[2] Appellant testified at the hearing, stating he had been working in New Mexico at a spa and resort and had also been acting as a drug counselor and motivational speaker. Appellant also expressed his desire to be placed on probation rather than given a prison sentence. He described certain rehabilitation programs in which he was interested and testified he felt such a program would be beneficial to him. On redirect, appellant testified he felt he would be able to find work in construction if placed on probation.

---

[1] *See* Tex. Health & Safety Code Ann. § 481.115(b) (Vernon 2003).

[2] State's exhibit 1 is a pen packet concerning appellant's prior convictions in the State of Mississippi. State's exhibit 2 is a judgment against appellant from the State of Illinois. State's exhibit 3 is a summary list of each of appellant's nine prior felony convictions.

After hearing evidence and argument by counsel as to punishment, the trial court assessed punishment against appellant at twenty-two months in a state jail facility. Appellant timely appealed.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of the cases, there is no reversible error or legitimate grounds on which a non-frivolous appeal can arguably be predicated. The brief discusses in detail the procedural history of this case and the events at the hearing. Counsel discusses the applicable law and sets forth the reasons he believes there are no arguably meritorious issues on which to appeal. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant filed a response but did not raise any additional points.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record in each matter. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

In his brief, appellate counsel discusses the proceedings and concludes there are no errors that would constitute grounds for reversal. We agree with counsel's conclusion. At the hearing, the trial court properly admonished appellant of the consequences of his open plea of guilty, including the range of punishment, and ensured appellant signed the plea documents voluntarily and understood the rights he was relinquishing. Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 2007); *Ribelim v. State,* 1 S.W.3d 882, 883-84 (Tex.App.–Fort Worth 1999, pet. ref'd).

Counsel notes also there is no arguable issue on appeal with regard to the punishment assessed against appellant. We agree. The trial court assessed punishment against appellant at twenty-two months confinement in a state jail facility of the Texas Department of Criminal Justice, an acceptable term within the permissible range. *See* Tex. Health & Safety Code Ann. § 481.115(d) (Vernon 2003); Tex. Penal Code Ann. § 12.35 (Vernon 2007). It is the general rule that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. *Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Crim.App. 1984); *Rodriguez v. State,* 917 S.W.2d 90, 92 (Tex.App.–Amarillo 1996, pet. ref'd).

Lastly, counsel identifies the possibility that appellant might argue he had received ineffective assistance of counsel in the underlying proceedings. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (establishing standard for effective assistance of counsel). We agree with counsel that the record contains no support for such a contention.

4

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal from appellant's conviction and sentence. We agree the record presents no meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[3] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. Tex. R. App. P. 48.4.