COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



RICHARD DWAYNE TEEL, JR., § 

§ No. 08-11-00220-CR

Appellant, § 

§ Appeal from the

v. § 

§ 396th District Court

THE STATE OF TEXAS, § 

§ of Tarrant County, Texas

Appellee. § 

§ (TC#1200566D)

§

# **O P I N I O N**

Appellant, Richard Dwayne Teel, Jr., appeals his conviction for aggravated robbery with a deadly weapon. We affirm.[1]

## **BACKGROUND**

By indictment, Appellant was charged with committing the offense of aggravated robbery with a deadly weapon upon Elizabeth Esquivel on or about May 5, 2010. At the time of his plea, Appellant had five aggravated-robbery-with-a-deadly-weapon charges pending, including the instant case. The trial court recited all five cause numbers at the beginning of the proceedings,

---

1 As this case was transferred from our sister court in Fort Worth, we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

admonished Appellant orally and in writing, and accepted Appellant's plea of guilty.[2]   After

receiving the pre-sentence investigation report and considering evidence in mitigation of

punishment, including testimony from Appellant and his mother, and a letter from Appellant's

high school teacher, the trial court sentenced Appellant to confinement for twenty-five years, to be

served concurrently with other sentences.

## DISCUSSION

In a single issue, Appellant asserts that his plea was not knowingly and voluntarily entered

because the trial court failed to properly admonish him in accordance with article 26.13(a) before

accepting his guilty plea.   TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (West Supp. 2012).

Appellant specifically complains that the trial court failed to directly "state" the admonishments to

Appellant, failed to properly admonish him as to the range of punishment, failed to state the range

of punishment for each of the five charged offenses, failed to admonish him regarding the State's

recommendation on punishment, and failed to substantially comply with the requirements of

article 26.13(a)(1) and (a)(2).   TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1), (a)(2)(West Supp.

2012).   As a result, Appellant asserts that he has been harmed.

### Standard of Review

Article 26.13(a) admonishments are not constitutionally required because their purpose

and function is to assist the trial court in making the determination that a guilty plea is knowingly

and voluntarily made.   *See Aguirre-Mata v. State*, 992 S.W.2d 495, 498-99 (Tex.Crim.App.

1999); *Alvarez v. State*, 63 S.W.3d 578, 581 (Tex.App. – Fort Worth 2001, no pet.).   Therefore, a

---

[2]   Appellant was charged with and convicted of five separate offenses of aggravated robbery with a deadly weapon.   We have issued opinions this day affirming Appellant's convictions for aggravated robbery in Richard Dwayne Teel, Jr. v. The State of Texas, No. 08-11-00216-CR, Richard Dwayne Teel, Jr. v. The State of Texas, No. 08-11-00217-CR, Richard Dwayne Teel, Jr. v. The State of Texas, No. 08-11-00218-CR, Richard Dwayne Teel, Jr. v. The State of Texas, No. 08-11-00219-CR, Richard Dwayne Teel, Jr. v. The State of Texas, No. 08-11-00220-CR.

trial court's failure to admonish a defendant on one of the statutorily-required admonishments is non-constitutional error. *Aguirre-Mata*, 992 S.W.2d at 498-99; *Alvarez*, 63 S.W.3d at 581. We disregard non-constitutional error unless it affects a substantial right of the defendant. *See* TEX. R. APP. P. 44.2(b). A trial court's substantial compliance in admonishing a defendant as required by article 26.13 is sufficient unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. TEX. CODE CRIM. PROC. ANN. art. 26.13(c) (West Supp. 2012); *see Alvarez*, 63 S.W.3d at 581-82.

A trial court may make oral or written admonishments. TEX. CODE CRIM. PROC. ANN. art. 26.13(d) (West Supp. 2012). A trial court providing a written admonishment to a defendant must receive a statement signed by the defendant and the defendant's attorney that the defendant understands the admonitions and is aware of his plea. *Id.* When a trial court has provided a defendant with a written admonishment and has obtained the required signed statement from defendant and defendant's counsel, the trial court is not required to orally admonish the defendant. TEX. CODE CRIM. PROC. ANN. art. 26.13(d) (West Supp. 2012); *see Scott v. State*, 86 S.W.3d 374, 375-76 (Tex.App. – Fort Worth 2002, no pet.).

## *Application*

Article 26.13(a) required that the trial court advise Appellant of the range of punishment attached to his offense. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (West Supp. 2012). The range of punishment for aggravated robbery with a deadly weapon, a first-degree felony, is imprisonment for a term of five to ninety-nine years or life and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.32 (a), (b); § 29.02; § 29.03(a)(2), (b) (West 2011).

The trial court provided written and oral admonishments to Appellant. The written plea

3

admonishments, written waiver of defendant joined by attorney, and judicial confession were included in one document and were signed as required by Appellant, trial counsel, and the trial court. By his signature, Appellant affirmatively states that he fully understands the admonishments, that he has no questions, that he is aware of the consequences of his plea, and that his plea is knowingly, freely, and voluntarily entered.

The written admonishment was identified by the cause number for the instant case and noted that the charged offense was aggravated robbery with a deadly weapon. Those admonishments set forth in part that Appellant was entitled to a jury trial for each pending case, the plea was "open to the court," explained that an "open plea" means there is no plea agreement and that the plea proceeding constituted Appellant's trial, that the range of punishment is confinement for a term from five to ninety-nine years or life and possible fine not to exceed $10,000, and that the trial court may set punishment anywhere within the range of punishment. The written admonishments also warned that if the plea was subject to a plea agreement, the agreement was not binding on the trial court, which could assess punishment anywhere within the range of punishment. The document also included all other admonishments required under article 26.13. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2), (3), (4), (5), and (b) (West Supp. 2012).

During his plea proceeding, the trial court orally admonished Appellant and noted, "It's my understanding there's not an agreement as to punishment in these cases . . . ." Appellant informed the trial court that he had reviewed the written admonishments in each case with counsel, had no questions, was a United States citizen, and understood the range of punishment in each case. Trial counsel affirmed that Appellant was mentally competent to enter the plea. The trial court explained that Appellant had the right to be tried by a jury, was presumed innocent, and could not

4

be convicted until the State proved him guilty beyond a reasonable doubt, that Appellant could present defensive evidence and, if found guilty, could have a jury assess punishment. The trial court also informed Appellant that by pleading guilty, it would be assessing punishment and could sentence Appellant anywhere within the range of punishment. Because Appellant was "pleading guilty to all of these cases at the same time," the trial court advised him that the sentences would run concurrently, and Appellant affirmed that he understood this. When the trial court informed Appellant that it would have to sentence him to confinement for "no less than five years, no more than 99 years or life, and . . . could impose a fine not to exceed $10,000 in each case" if it found him guilty, Appellant informed the trial court that he understood this fact.

Contrary to Appellant's complaints, which are not supported by authority, the record shows that the trial court admonished Appellant orally and in writing regarding the range of punishment for aggravated robbery with a deadly weapon in this and each pending case. The record shows that the trial court's written and oral range-of-punishment admonishments applied to all five of Appellant's pending aggravated robbery with a deadly weapon cases, including this one. During the plea proceeding, the trial court judicially noticed that Appellant was "charged in these five cases with the offenses of aggravated robbery . . . ." During the sentencing hearing, the trial court noted that Appellant had "[pleaded] guilty in each of these cases to aggravated robbery with a deadly weapon" and sentenced him "to 25 years in the penitentiary on each case."

Appellant complains that the trial court failed to admonish him that it was not bound to follow any punishment recommendation made by the State. The trial court observed on the record that there was "not an agreement as to punishment in these cases . . . ." Although there was no need for the trial court to admonish Appellant regarding matters related to a prosecuting

5

attorney's recommendation on punishment, as none existed, the trial court did provide such admonishment. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2) (West Supp. 2012).

We conclude that the trial court properly admonished Appellant in this case. A finding that a defendant was duly admonished creates a *prima facie* showing that a guilty plea was knowingly and voluntarily entered. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex.Crim.App. 1998); *Ribelin v. State*, 1 S.W.3d 882, 884 (Tex.App. – Fort Worth 1999, pet. ref'd). Therefore, the burden shifts to the defendant to demonstrate that the plea was not voluntarily made. *Martinez*, 981 S.W.2d at 197; *Ribelin*, 1 S.W.3d at 884.

Relying wholly on his argument that the trial court did not substantially comply with the requirements of article 26.13, Appellant argues that he bears no burden of demonstrating that his plea was involuntary and has failed to present any argument to show that his plea was involuntarily made. Because we find Appellant has failed to satisfy his burden of showing that his plea was involuntary, we need not address Appellant's harm analysis relating thereto. Appellant's issue is overruled.

**CONCLUSION**

The trial court's judgment is affirmed.

GUADALUPE RIVERA, Justice

April 24, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

(Do Not Publish)

6