James Moore **HARGRAVE**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 01–97–01437–CR, 01–97–01438–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 29, 1999.

Opinion Denying Rehearing
Dec. 16, 1999.

---

Dick DeGuerin, Houston, for Appellant.

Kimberly Aperauch Stelter, John B. Holmes, Houston, for State.

Before, Chief Justice SCHNEIDER and Justices O'CONNOR and TAFT.

## OPINION

SCHNEIDER, Chief Justice.

In 1994, appellant, James Moore Hargrave, pled no contest to aggravated assault, and the trial court, in accordance with a plea agreement, assessed punishment at five years deferred adjudication and a $500 fine. In 1997, the State moved to adjudicate guilt, alleging that appellant had committed a second offense, theft of over $200,000. Appellant pled true to the allegations of the motion to adjudicate, and the trial court found him guilty and assessed punishment at 10 years confinement on the aggravated assault charge. Appellant also pled no contest to the theft charge, and the trial court, without an agreed recommendation as to punishment, assessed punishment at 15 years confinement. These appeals followed.[1] We affirm.

In two related points of error, appellant contends the trial court should have *sua sponte* withdrawn: (1) his plea of true to the motion to adjudicate and (2) his plea of no contest to the theft charge, because appellant misunderstood the plea agreement.

## The Aggravated Assault Case

 Appellant argues that his plea of true to the motion to adjudicate was involuntary. By this point of error, he seeks review of the trial court's decision to adjudicate his guilt. However, no appeal may be taken from the trial court's decision to proceed with an adjudication of guilt on a deferred adjudication. *Phynes v. State,* 828 S.W.2d 1, 2 (Tex.Crim.App.1992); *Olo-*

---

1. The aggravated assault case is trial court cause number 659006 and appellate cause number 01–97–01438–CR. The theft case is

*wosuko v. State,* 826 S.W.2d 940, 942 (Tex. Crim.App.1992). Because we have no jurisdiction to review such claim, we dismiss the appeal in cause number 01–97–01438–CR. *Phynes,* 828 S.W.2d at 2.

## The Theft Case

Appellant also argues that the trial court should have *sua sponte* withdrawn his plea of no contest to the theft charge. Both the appellant and the State agree that appellant pled guilty "without an agreed recommendation" as to punishment, and that no plea agreement was presented to the trial court. However, when the prosecutor argued that the appellant should serve time in prison, defense counsel objected:

> [Defense Counsel]: I would have an objection to the district attorney asking that you put Mr. Hargrave in prison. It was our understanding that at the time of agreeing to this plea that the district attorney was going to stand silent on punishment. That was his statement to me and my client.

> [The Court]: If it is, I would like to know that. I have examined the plea papers. There is absolutely nothing about that agreement on the plea papers; and my understanding has been always that if that's part of the agreement, then that needs to be put on the documents so that everyone understands that is part of the agreement. And it usually says without a recommendation, the State agrees to stand silent as to punishment. All I see on the plea papers is without an agreed recommendation. I will let both of you argue, and I will do what I want to do.

\* \* \* \*

> [Defense Counsel]: Judge, again, it is our understanding that the district attorney would stand silent at punishment as part of our plea.

trial court cause number 742195 and appellate cause number 01–97–01437–CR.

[Prosecutor]: That's not my understanding. My understanding is the same thing that I do at every trial. We have had the same conversations off the record in private. I never asked for a term of years. I wouldn't even bother to show up if I was going to stand silent during the punishment proceeding. There is no reason for me to be here if I am going to just stand there.

[Trial Court]: So, your understanding is that you would not be asking for a particular amount of years?

[Prosecutor]: That is correct.

[Defense counsel]: My understanding is that he would stand silent on punishment.

[Prosecutor]: Well, I disagree with their interpretation. I don't remember saying that, and I certainly didn't put it in writing, and one of us should have been more careful. That is not my understanding.

After an off the bench discussion between the trial court and the attorneys, the trial court noted that the issue was that the parties each had different interpretations of the term "no agreed recommendation" as to punishment; the prosecutor believed that it meant that no specific amount of years would be requested and the defense counsel believed that it meant the State would "stand silent" on the issue of punishment. After noting the difference of opinion, the following colloquy took place between the trial judge and the appellant:

[Trial judge]: The Court's concern, of course, at this point was that that could cause a problem down the road with regard to allegations of involuntary plea; and the Court basically convened with counsel off the record to tell both sides that it was not proceeding any further until the issue was resolved. And if Mr. Hargrave wished to withdraw his plea, at this point we would set it for trial and begin the first week in January.

Mr. Hargrave, were these things communicated to you during the last 30–40 minutes?

[Appellant]: Yes, your Honor.

[Trial judge]: And you fully understand that the Court, if you felt that you were induced to enter your plea of no contest and your plea of true based upon your attorney's conversation with you or your understanding that the State would not argue anything with regard to punishment, you understand that the Court was willing to allow you to withdraw your plea on that basis?

[Appellant]: Yes, Your Honor.

[Trial judge]: And I guess the question is, Mr. Hargrave: Having had an opportunity to consult with your lawyers, at this juncture, is it your desire to withdraw your pleas of no contest to the aggregate theft charge and your plea of true to the motion to adjudicate guilt?

[Appellant]: At this time the original plea, Your Honor, was based upon when [the prosecutor] told me what [defense counsel] told me that he would remain silent during the punishment phase and wouldn't recommend anything. At this time I would—instead of coming back for a trial in January, would like to have you decide my punishment.

[Trial judge]: All right. So, I guess the question, Mr. Hargrave is this: Do you still desire to waive your right to a jury trial on the charge of aggregate theft; and do you wish to waive your right to a full hearing before the Court on the motion to adjudicate guilt with regard to the merits?

[Appellant]: Yes, Your Honor.

[Trial Judge]: And so the record is totally clear, you were admonished as to the full range of punishment. You were admonished as to your right to a jury trial and a full hearing. You were admonished as to the consequences of entering your pleas. You were admonished that there was no agreed recommendation from the State. Essentially Mr. Hargrave, what I am trying to as-

certain, then, is this: Do you understand that by proceeding forward at this point you are in effect telling the Court that your plea of no contest and your plea of true was voluntarily entered into?

[Appellant]: Yes, Your Honor.

* * * *

[Trial judge]: So the record is clear, Mr. Hargrave, despite the misunderstanding—and I use that term because clearly the State and the defense had a different interpretation as to what the agreement was, even though there are no notations on these papers concerning anything with regard to argument. Despite the quote "misunderstanding" about the State's argument, which is only argument, it's not evidence, you wish to persist in entering your pleas of no contest and true to these charges?

[Appellant]: Yes, Your Honor.

[Trial court]: And you want the Court to consider all of the evidence that it's heard today?

[Appellant]: Correct. I think you are as fair as 12 people would be.

Appellant argues that once the State "breached the plea agreement," the trial court should have *sua sponte* withdrawn appellant's plea of no contest. Thus, we must decide two issues: (1) Did the State breach a plea agreement; and (2) was appellant's plea voluntary?

## A. Existence of a plea agreement

■ First, we must decide whether there was a "plea agreement." When a defendant enters a plea of guilty pursuant to a plea bargain, the State is bound to live up to its side of the agreement or the plea is rendered involuntary. *DeRusse v. State*, 579 S.W.2d 224, 236 (Tex.Crim.App. 1979). If the State does not honor its part of the agreement, doubt is raised about the voluntariness of the plea. *Bass v. State*, 576 S.W.2d 400, 401 (Tex.Crim.App.1979). However, if there was no agreement, there is no breach of duty. *Rodriquez v. State*,

509 S.W.2d 319, 321 (Tex.Crim.App.1974). Where there is conflicting evidence on the issue, the appellate court will defer to the trial court in resolving those conflicts. *Bass*, 576 S.W.2d at 401.

■ In this case, defense counsel testified that the prosecutor promised to "stand silent" at punishment. The prosecutor admitted that he agreed to make no recommendation as to a term of years, but denied agreeing to "stand silent." The trial court found that there "wasn't really a plea agreement" to stand silent. In light of the conflicting testimony on this issue, we defer to the trial court's ruling. As such, we hold that there was no plea agreement between appellant and the State, thus, no breach of such agreement.

## B. Voluntary plea

■ However, even if there was no plea agreement, the record must nonetheless affirmatively show that appellant's plea was voluntary and knowing. *Bryant v. State*, 974 S.W.2d 395, 398 (Tex.App.—San Antonio 1998, pet. filed). Even though there was no plea agreement in this case, the trial court was justifiably concerned that appellant's "misunderstanding" about whether the State would argue at punishment might have caused an involuntary plea. Therefore, the trial court went to great lengths to ascertain that appellant still wanted to plead no contest. Even after the misunderstanding with the prosecutor was clarified, appellant persisted in pleading no contest. Nothing else suggests that this decision was involuntary. As such, the trial court did not err by failing to *sua sponte* withdraw appellant's plea. *See Edwards v. State*, 921 S.W.2d 477, 480 (Tex.App.—Houston [1st Dist.] 1996, no pet.) (trial court not required to *sua sponte* withdraw guilty plea after bench trial even if evidence makes defendant's innocence evident).

We overrule point of error one.

We affirm the conviction in cause no. 01–97–01497–CR.

## OPINION ON MOTION FOR REHEARING

In our original opinion, citing *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992), we held that we had no jurisdiction to consider appellant's claim that his plea of "true" to the allegations of the State's motion to adjudicate guilt was involuntary. On rehearing in appellate cause no. 01–97–01438–CR, appellant argues that *Phynes* is not applicable because he is attacking the *voluntariness* of his plea to the allegations of the State's motion to adjudicate guilt, not the *sufficiency* of the evidence adduced at the hearing on the motion to adjudicate. Appellant argues that the appeal in cause no. 01–97–01438–CR is governed by *Flowers v. State*, 935 S.W.2d 131, 134 (Tex.Crim.App.1996), in which the court held that the voluntariness of a guilty plea is jurisdictional in plea agreement cases.

We do not agree that *Flowers* controls the disposition of the case in appellate cause no. 01–97–01438–CR. *Flowers* involved a plea of guilty to the charged offense. 935 S.W.2d at 134. By contrast, this case involves a plea of true to allegations contained in the State's motion to adjudicate guilt, not a guilty plea to the charged offense. Thus, the issue is not whether the voluntariness of appellant's plea is jurisdictional to his appeal, but whether he has an appellate remedy at all.

 *Phynes* clearly holds that he does not. 828 S.W.2d at 2. There can be no appeal from a trial court's decision to adjudicate guilt, even if the claim raised on appeal involves significant constitutional rights. *See id.* (no appellate review of defendant's claim that he was denied counsel at hearing on motion to adjudicate guilt).

In *Gareau v. State*, 923 S.W.2d 252, 253 (Tex.App.—Fort Worth 1996, no pet.), the defendant claimed that his plea of true to the State's motion to adjudicate guilt was involuntary because he received ineffective assistance of counsel at the proceeding to adjudicate guilt. The court, citing *Phynes*,

held that it had no jurisdiction to consider such a claim. *Gareau*, 923 S.W.2d at 253.

Therefore, we hold that a challenge to the voluntariness of appellant's plea of true to the allegations in the State's motion to adjudicate guilt is an attempt to appeal the trial court's decision to adjudicate guilt. The legislature has not provided appellate review in such cases.

Accordingly, we deny appellant's motion for rehearing in appellate cause no. 01–97–01438–CR. We also order our opinion of April 29, 1999, published.