NO. 07-02-0312-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 20, 2003
_____

DAVID OLIVER BENAVIDES,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B14059-0105; HON. EDWARD L. SELF, PRESIDING
_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[*]

Appellant David Oliver Benavides appeals from an order adjudicating his guilt. He was originally convicted of theft after a guilty plea. Adjudication was deferred, and appellant was placed on community supervision for two years. Subsequently, the State filed a motion and an amended motion to proceed with adjudication of guilt. Appellant pled true to all but two of the seven grounds stated in the amended motion. The trial court then

_____

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2003).

granted the motion, and sentenced appellant to two years confinement in a state jail facility and a $2,000 fine.

Appellant timely filed his appeal. However, appellant's appointed counsel has moved to withdraw, after filing a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 492 (1967), and representing that he has searched the record and found no arguable grounds for reversal. The motion and brief illustrate that appellant was informed of his right to file his own brief. So too did we inform appellant that he could file a *pro se* response or brief and review the record and that any such brief or response he cared to file had to be filed by February 10, 2003. To date, appellant has filed no such response or brief.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed a potential area for appeal relating to the court's determination that appellant violated his probation. However, counsel also went on to state why the argument was without merit.

Moreover, we conducted an independent review of the record to determine whether there existed reversible error and found none. *See Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an independent review). The record before us indicates that no appeal was taken within 30 days from the date of appellant's guilty plea complaining of error at that time. Thus, we have no jurisdiction over any purported error arising from or prior to the plea hearing except error rendering the judgment void, for which we find no support in the record. *See Nix v. State,* 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); *Manual v. State,* 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Further, the determination of the trial court to proceed to adjudication is not subject to appeal. Tᴇx.

2

CODE CRIM. PROC. ANN. art. 42.12 §5(b) (Vernon Supp. 2003); *Phynes v. State,* 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); *Hargrave v. State,* 10 S.W.3d 357, 360 (Tex. App. — Houston [1st Dist.] 1999, pet. ref'd). Moreover, the punishment levied was within the range provided by statute.

Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial court is affirmed.

Brian Quinn
Justice

Do not publish.