Opinion issued on May 27, 2004.

 





 

  
 



In The
Court of Appeals
For The
First District of Texas
 

 
 
NOS. 01-02-01000-CR
           01-02-01001-CR
____________
 
JOSE ALFREDO CAVALIERE, JR., Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause Nos. 874885 and 874886
 

 
 
MEMORANDUM OPINION
 
          Appellant, Jose Alfredo Cavaliere, Jr., pleaded true to the allegations in the
State’s two motions to adjudicate guilt for the felony offenses of criminal non-support. After a pre-sentence investigation report was prepared, the trial court
sentenced appellant for each of the criminal non-support convictions to two years’
confinement. 
            Appellant’s court-appointed appellate counsel filed a brief in which she
expressed her opinion that the appeal is wholly frivolous and without merit. The brief
meets the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967),
by presenting a professional evaluation of the record and advancing arguable grounds
of error on appeal. Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).
A copy of counsel’s brief was delivered to appellant who filed a pro se brief. 
          In two issues, appellant contends that (1) he was denied counsel during his
pleading and sentencing hearings and (2) his plea and confession were involuntary. 
We affirm.
Background
          Appellant was charged with two counts of criminal non-support of his two
children and was granted deferred adjudication community supervision for five years. 
Appellant was subsequently charged with delivery of a controlled substance,
methamphetamine.


 The State filed motions to adjudicate appellant’s guilt on the
non-support charges, alleging that appellant violated his conditions of community
supervision by committing the offense of delivery of a controlled substance. 
          At a pre-sentence investigation hearing for the non-support offenses, appellant
was admonished of the range of punishment. The court informed appellant that the
range for each criminal non-support charge was confinement for not less than 180
days or more than two years and a fine not to exceed $10,000. After having been so
admonished, appellant, without an agreed recommendation by the State, pleaded true
to the allegations in the State’s motions to adjudicate. 
Right to Counsel 
          In his first issue, appellant argues that he was denied counsel during his
original plea proceeding, despite a written request to the court for court-appointed
counsel.
          A defendant placed on deferred adjudication must appeal issues relating to the
original plea proceeding when deferred adjudication is first imposed and cannot
appeal such matters after guilt has been adjudicated. Vidaurri v. State, 49 S.W.3d
880, 884 (Tex. Crim. App. 2001). Because he cannot now complain of alleged errors
in the original plea proceeding, appellant’s first issue is dismissed for lack of
jurisdiction.
Voluntariness
          In his second issue, appellant argues that his plea of true and his confession
were involuntary and that the trial court failed to conduct a hearing on the
voluntariness of his confession.
          The voluntariness of appellant’s plea of true in an adjudication of guilt
proceeding may not be appealed. Flores v. State, 43 S.W.3d 628, 630 (Tex.
App.—Houston [1st Dist.] 2001, no pet.); Hargrave v. State, 10 S.W.3d 355, 357
(Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). Accordingly, we do not have
jurisdiction to review appellant’s claim. See Phynes v. State, 828 S.W.2d 1, 2 (Tex.
Crim. App. 1992); Hargrave, 10 S.W.3d at 357. 
          We dismiss issue two. 
 
 
 
 
 
 
 
 
 
 
Conclusion
           Based on our holding that we lack jurisdiction to consider the issues raised in
appellant’s pro se brief, we affirm the judgment of the trial court. We grant appellate
counsel’s motion to withdraw.


 See Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex.
Crim. App. 1971); Stephens v. State, 35 S.W.3d 770, 771 (Tex. App.—Houston [1st
Dist.] 2000, no pet.). 

 
 
                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Nuchia, Alcala, and Hanks
Do not publish. Tex. R. App. P. 47.4.