NO. 07-05-0143-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 12, 2005



______________________________


 

PATRICK KAMEL MCCULLOUGH, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 183RD DISTRICT COURT OF HARRIS COUNTY;



NO. 986195; HONORABLE JOAN HUFFMAN, JUDGE


_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION


 Pending before this Court is appellant's motion to dismiss his appeal. Appellant and his
attorney both have signed the document stating that appellant withdraws his appeal. Tex. R.
App. P. 42.2(a). No decision of this Court having been delivered to date, we grant the motion. 
Accordingly, the appeal is dismissed. No motion for rehearing will be entertained and our
mandate will issue forthwith.

 Mackey K. Hancock

 Justice


Do not publish.



ned on appellant's
compliance with terms set by the court.

 In April 2005, the State filed its motion to proceed with adjudication of appellant's
guilt on the original charge. The motion alleged six separate violations of the terms of his
community supervision. Appellant entered a plea of true to all of the allegations in the
State's motion. At the conclusion of the May 23, 2005 hearing, the trial court found
appellant should be continued on community supervision and that the terms of such
supervision should be modified. 

 In April 2006, the State filed a second motion to proceed with adjudication of
appellant's guilt on the original charge. The motion alleged five separate violations of the
terms of his community supervision. Appellant entered a plea of true to all but one of the
allegations in the State's motion. At the conclusion of the September 18, 2006 hearing,
the trial court found appellant had violated the conditions of his community supervision,
adjudicated appellant guilty of the original charge, and sentenced him to 10 years in the
Institutional Division of the Texas Department of Criminal Justice and ordered him to pay
a fine, fees, and restitution.

 Appellant's counsel has filed a brief stating that he has carefully reviewed the record
in this case and concludes there is no reversible error and that the appeal is frivolous. See
Anders v. California, 386 U.S. 738, 744-45 (1967). Counsel has also filed a motion to
withdraw in the case and, by letter, informed appellant of his right to file a pro se brief. 
Johnson v. State, 885 S.W.2d 641, 646 (Tex.App.-Waco 1994, pet. ref'd). By letter dated
December 11, 2006, this court also notified appellant of his opportunity to submit a
response to the Anders brief and motion to withdraw filed by his counsel, granting him until
January 10, 2007, to do so. This court's letter also reminded appellant to contact his
counsel if he needed to review any part of the appellate record to prepare a response. 
Appellant has not filed a brief or other response.

 A defendant placed on deferred adjudication community supervision may raise
issues relating to the original plea proceeding only in an appeal taken when deferred
adjudication community supervision is first imposed. Davis v. State, 195 S.W.3d 708, 711
(Tex.Crim.App. 2006); Manuel v. State, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999). 
No appeal may be taken from the trial court's decision to proceed with adjudication of guilt
on a deferred adjudication. Phynes v. State, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992);
Hargrave v. State, 10 S.W.3d 355, 357 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd). 
Appellant did not perfect appeal from the order deferring adjudication. After an
adjudication of guilt, appeal may be brought challenging issues arising at the subsequent
punishment hearing. Kirtley v. State, 56 S.W.3d 48, 51 (Tex.Crim.App. 2001). 

 Our review of counsel's brief and the record convinces us that appellate counsel
conducted a thorough review of the record. We also have independently examined the
entire record in the case to determine whether there are any non-frivolous grounds which
might support the appeal. See Penson v. Ohio, 488 U.S. 75 (1988); Stafford v. State, 813
S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds. After reviewing
the record before us and counsel's brief, we agree with counsel that the appeal is frivolous. 
See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005).

 Accordingly, counsel's motion to withdraw is granted (1) and the judgment is affirmed.

 

 James T. Campbell

 Justice


 

Do not publish.

 
1. In granting counsel's motion to withdraw, however, we remind counsel of the
"educational"duty to inform appellant of his right to file a pro se petition for discretionary
review in the Court of Criminal Appeals. Ex parte Owens, 206 S.W.3d 670 (Tex.Crim.App.
2006).