NO. 07-05-0193-CR
07-05-0194-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 31, 2005

_____

ESEQUIEL ALBERTO ARMIJO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 39,345-A, 45,737-A; HONORABLE HAL MINER, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Esequiel Alberto Armijo brings companion appeals from the adjudication of his guilt for the offenses of aggravated sexual assault and failure to register as a sex offender. Agreeing with appointed counsel's conclusion the record fails to show a basis to support the appeals, we affirm both judgments.

Appellant was initially indicted for aggravated sexual assault in July 1998. That charge was assigned cause number 39,345. He entered a plea of guilty in conformity with

a plea agreement in June 2002. Also in conformity with that agreement, the trial court deferred adjudication of guilt for a period of five years conditioned on appellant's compliance with terms set by the court.

The State filed a motion to adjudicate appellant's guilt in August 2002 alleging he committed a new offense by failing to register as a sex offender.[1] Within weeks, the State obtained an indictment charging appellant with the same offense. This charge was assigned cause number 45,737. Both matters were heard in April 2003. On his plea of guilty in 45,737 the trial court deferred adjudication for two years. Appellant plead true to the allegations in the State's motion to adjudicate guilt in cause number 39,345. The court did not adjudicate appellant guilty but did alter the conditions of his community supervision by placing him in the intensive supervision program. The deferral in 45,737 was subsequently extended for an additional two years.

The State filed a second motion to adjudicate appellant's guilt in cause number 39,345 in April 2005. This motion alleged nine violations including three new sexual assault offenses arising out of one incident, failure to register as a sex offender, failure to pay required fees, establishing contact with a minor and living with a minor. It also moved for adjudication of appellant's guilt in cause number 45,737 alleging seven grounds. This motion alleged the same grounds as the motion in 39,345 with the exception of two allegations of failure to pay fees.

---

[1] Article 62.01(5)(I) defines a "reportable conviction or adjudication" for purposes of sex offender registration statutes to include deferred adjudication for sexual assault offenses. Tex.Code Crim.Proc. Ann. art. 62.01(5)(I) (Vernon Supp. 2005).

2

The trial court conducted a hearing on both motions on May 4, 2005. The State waived its allegations of failure to register as a sex offender, but presented witnesses supporting its contention that appellant committed sexual assault against a fourteen year old neighbor on April 20, 2005.[2] It also presented witnesses who testified to appellant's failure to make all required payments of supervision fees and costs in 39,345. The evidence also showed appellant missed a single month's payment of supervision fees in 45,737. In his testimony, appellant did not deny the victim was in his home. He asserted she came there seeking food and he did not commit any offense against her.

At the conclusion of the hearing the trial court found true each of the remaining grounds alleged in each motion except that appellant lived in the same house with a person under 17 years of age. It adjudicated appellant guilty in each case and sentenced him to life imprisonment and a $10,000 fine for aggravated sexual assault in cause number 39,345 and twenty years confinement and a $10,000 fine for failure to register as a sex offender in cause number 45,737. Appellant perfected appeal from both judgments.

Appellant's appointed counsel has filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he certifies that he has searched the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds upon which a non-frivolous appeal can arguably be predicated. The brief thoroughly discusses the procedural history of the case, the applicable law, and the

---

[2] This testimony included that of the victim and of police officers who found the victim in a bed in appellant's home.

3

evidence presented at trial. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a pro se response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a response. The State has not filed a brief in this appeal.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999). No appeal may be taken from the trial court's decision to proceed with an adjudication of guilt on a deferred adjudication. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App.1992); *Hargrave v. State*, 10 S.W.3d 355, 357 (Tex.App.–Houston [1st Dist.] 1999, pet. ref'd). Appellant did not perfect appeal from the order deferring adjudication in either cause number. After an adjudication of guilt, appeal may be brought challenging issues arising at the subsequent punishment hearing, including claims of ineffective assistance of counsel. *Kirtley v. State*, 56 S.W.3d 48, 51

(Tex.Crim.App. 2001). Counsel's brief discusses that issue separately, including the standard of review for determining ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Our review convinces us that appellate counsel conducted a complete analysis of the record and applicable law. We have also made an independent examination of the record to determine whether there are any non-frivolous grounds on which an appeal could arguably be founded. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford*, 813 S.W.2d at 511. We agree it presents no meritorious issue which would support an appeal. Accordingly, counsel's motion to withdraw is granted and we affirm both judgments of the trial court.

James T. Campbell
Justice

Do not publish.