NO. 07-05-0225-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 14, 2005

_____

RANDY DEAN BORN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 31ST DISTRICT COURT OF LIPSCOMB COUNTY;

NO. 1083; HONORABLE STEVEN EMMERT, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Randy Dean Born brings this appeal from the adjudication of his guilt for the offense of injury to an elderly individual. Agreeing with appointed counsel's conclusion the record fails to show a basis to support the appeal, we affirm the judgment.

Appellant was initially charged in March 2002 by an indictment alleging he struck a person over 65 years of age in the head with a hammer. At a competency hearing in September of 2002 a jury found appellant was not competent to stand trial but probably

would be in the future. He was committed to the custody of the Department of Mental Health and Mental Retardation (MHMR) for a period of 18 months. Based on a determination by the staff of MHMR that appellant was competent to stand trial, the trial court ordered his return in January 2003. He entered a plea of guilty in conformity with a plea agreement in June 2003. Also in conformity with that agreement, the court deferred adjudication of guilt for a period of ten years conditioned on appellant's compliance with terms set by the court.

The State filed a motion to adjudicate appellant's guilt in January 2005 alleging he failed to report to his supervising officer as required and left Randall County without permission. On approval of appellant's request for an evaluation of his competency, he was examined by a psychiatrist and found to be suffering from schizophrenia but competent to stand trial. The doctor's report recited appellant had previously been taking medication to treat his schizophrenia but had discontinued use of the medication.

The trial court held a hearing on the motion to adjudicate guilt in April 2005. Defense counsel sought a continuance to investigate information provided to him by appellant. In discussing the need for a continuance appellant recited a litany of unlikely[1] misdeeds by people whose connection to the case was not explained. They included allegations that appellant's mother told him either he or his probation officer would be killed if appellant went to see the probation officer. At the conclusion of that discussion, which consumes

---

[1] For example, appellant sought to present the testimony of a long-time resident of the town of Booker who was almost 8 feet tall and had assumed another identity while residing in Booker after faking his death in a plane crash.

2

approximately 12 pages of the reporter's record, the trial court expressed concern that appellant might be making the allegations solely for the purpose of obtaining a continuance and avoid the imposition of sentence. After a discussion with counsel off the record, the trial court denied the motion for continuance and accepted appellant's pleas of true to both grounds alleged in the State's motion.

The State presented testimony from a probation department officer that appellant failed to report as required in the months of November and December 2004, and testimony of his absconding from Randall County. Appellant's mother testified that he had been diagnosed with mental problems in 2001 and should be taking medication. She denied making any of the threats described by appellant or having heard any of the allegations before. After being advised of his right to remain silent, appellant testified and gave appropriate responses to questions put to him, but maintained that his failure to report as required was due to threats from his mother and her current husband.

The State did not deny appellant suffered from psychological problems but argued, not only that appellant violated the conditions alleged, but that the probation department was not equipped to supervise appellant and he could receive appropriate treatment in the Institutional Division of the Department of Criminal Justice. The defense argued appellant's violations were motivated by duress and that if the court adjudicated appellant's guilt, imposition of the sentence of ten years confinement would be excessive. In accordance with appellant's plea of true and the State's evidence, the trial court found appellant had violated the conditions of his community supervision, adjudicated him guilty and assessed sentence at ten years confinement in the Institutional Division of the Department of Criminal

3

Justice. Appellant filed a new trial motion stating only that the judgment was contrary to the law and the evidence. The motion did not seek to present additional evidence and it was overruled by operation of law.

Appellant's appointed counsel has filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he certifies that he has searched the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds upon which a non-frivolous appeal can arguably be predicated. The brief thoroughly discusses the procedural history of the case, the applicable law, and the evidence presented at trial. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a pro se response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a response. The State has not filed a brief in this appeal.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999). No appeal may be taken from the trial court's decision to proceed with an adjudication of guilt on a deferred adjudication. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992); *Hargrave v. State*, 10 S.W.3d 355, 357 (Tex.App.– Houston [1st Dist.] 1999, pet. ref'd). No appeal was perfected from the order deferring adjudication. After an adjudication of guilt, appeal may be brought challenging issues arising at the subsequent punishment hearing. *Kirtley v. State*, 56 S.W.3d 48, 51 (Tex.Crim.App. 2001). Counsel's brief addresses the trial court's rulings, explicating why they do not show an arguable basis on which an appeal can be predicated.

Our review convinces us that appellate counsel conducted a complete analysis of the record and applicable law. We have also made an independent examination of the record to determine whether there are any non-frivolous grounds on which an appeal could arguably be founded. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford*, 813 S.W.2d at 511. Read in isolation, portions of the reporter's record might raise a question on appellant's competence. However, viewed in its entirety, the record supports a determination by the trial court that appellant was competent to enter a plea on the motion to adjudicate guilt. He indicated an understanding of the reason for the proceeding and when sworn to testify[2] answered questions directly. Neither appellant nor

---

[2] Appellant's earlier discussion with the court concerning the need for a continuance was not under oath.

his counsel indicated an inability to effectively communicate with each other in the preparation or presentation of his defense. *See* Tex.Code Crim. Proc. Ann. art. 46B.003 (Vernon Pamph. 2005); *Lawrence v. State*, 169 S.W.3d 319, 325 (Tex.App.–Fort Worth 2005, pet. ref'd). We agree the record presents no meritorious issue which would support an appeal. Accordingly, counsel's motion to withdraw is granted and we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.