NO. 07-06-0070-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 14, 2007

______________________________

HENRY ABRAM RODRIGUEZ A/K/A CHRIS RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 47
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 45,920-A; HONORABLE HAL MINER, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Appellant Henry Abram Rodriguez filed a notice of appeal following the adjudication of his guilt for the offense of aggravated sexual assault of a child and imposition of sentence of 16 years in the Institutional Division of the Texas Department of Criminal Justice.  Agreeing with appointed counsel’s conclusion the record fails to show an arguable  basis for appeal, we affirm the judgment and grant counsel’s motion to withdraw.

Appellant was indicted for the offense of aggravated sexual assault of a child.  In  February 2003, appellant entered a plea of guilty to the offense.  The trial court deferred adjudication of guilt for a period of eight years conditioned on appellant’s compliance with terms set by the court.

In November 2005, the State filed its motion to proceed with adjudication of appellant’s guilt on the original charge.  The motion alleged ten separate violations of the terms of his community supervision.  Appellant entered a plea of true to all of the allegations in the State’s motion.  At the conclusion of the February 9, 2006 hearing, the trial court found appellant had violated the conditions of his community supervision, adjudicated appellant guilty of the original charge and sentenced him to 16 years in the Institutional Division of the Texas Department of Criminal Justice.

Appellant’s counsel has filed a brief stating that he has carefully reviewed the record in this case and concludes there is no reversible error and that the appeal is frivolous.  
See
 
Anders v. California
, 386 U.S. 738, 744-45 (1967).  Counsel has also filed a motion to withdraw in the case and, by letter, informed appellant of his right to file a pro se brief.  
Johnson v. State
, 885 S.W.2d 641, 646 (Tex.App.–Waco 1994, pet. ref’d).  By letter dated August 3, 2006, this court also notified appellant of his opportunity to submit a response to the 
Anders
 brief and motion to withdraw filed by his counsel, granting him until September 5, 2006 to do so.  This court’s letter also reminded appellant to contact his counsel if he needed to review any part of the appellate record to prepare a response.  Appellant has not filed a brief or other response.

A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication community supervision is first imposed.  
Davis v. State
, 195 S.W.3d 708, 710 (Tex.Crim.App. 2006);
 Manuel v. State
, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999).  No appeal may be taken from the trial court’s decision to proceed with adjudication of guilt on a deferred adjudication.  
Phynes v. State
, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992); 
Hargrave v. State
, 10 S.W.3d 355, 357 (Tex.App.–Houston [1
st
 Dist.] 1999, pet. ref’d).  Appellant did not perfect appeal from the order deferring adjudication.  After an adjudication of guilt, appeal may be brought challenging issues arising at the subsequent punishment hearing.  
Kirtley v. State
, 56 S.W.3d 48, 51 (Tex.Crim.App. 2001).   

  Our review of counsel's brief and the record convinces us that appellate counsel conducted a thorough review of the record.  We also have independently examined the entire record in the case to determine whether there are any non-frivolous grounds which might support the appeal.  
See Penson v. Ohio
, 488 U.S. 75 (1988); 
Stafford v. State
, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  We have found no such grounds.  After reviewing the record before us and counsel’s brief, we agree with counsel that the appeal is frivolous.  
See Bledsoe v. State
, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel’s motion to withdraw is granted and the judgment is affirmed.

James T. Campbell

        Justice

Do not publish.