NO. 07-06-0070-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 14, 2007


 ______________________________



HENRY ABRAM RODRIGUEZ A/K/A CHRIS RODRIGUEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 45,920-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant Henry Abram Rodriguez filed a notice of appeal following the adjudication
of his guilt for the offense of aggravated sexual assault of a child and imposition of
sentence of 16 years in the Institutional Division of the Texas Department of Criminal
Justice. Agreeing with appointed counsel's conclusion the record fails to show an arguable 
basis for appeal, we affirm the judgment and grant counsel's motion to withdraw.

 Appellant was indicted for the offense of aggravated sexual assault of a child. In 
February 2003, appellant entered a plea of guilty to the offense. The trial court deferred
adjudication of guilt for a period of eight years conditioned on appellant's compliance with
terms set by the court.

 In November 2005, the State filed its motion to proceed with adjudication of
appellant's guilt on the original charge. The motion alleged ten separate violations of the
terms of his community supervision. Appellant entered a plea of true to all of the
allegations in the State's motion. At the conclusion of the February 9, 2006 hearing, the
trial court found appellant had violated the conditions of his community supervision,
adjudicated appellant guilty of the original charge and sentenced him to 16 years in the
Institutional Division of the Texas Department of Criminal Justice.

 Appellant's counsel has filed a brief stating that he has carefully reviewed the record
in this case and concludes there is no reversible error and that the appeal is frivolous. See
Anders v. California, 386 U.S. 738, 744-45 (1967). Counsel has also filed a motion to
withdraw in the case and, by letter, informed appellant of his right to file a pro se brief. 
Johnson v. State, 885 S.W.2d 641, 646 (Tex.App.-Waco 1994, pet. ref'd). By letter dated
August 3, 2006, this court also notified appellant of his opportunity to submit a response
to the Anders brief and motion to withdraw filed by his counsel, granting him until
September 5, 2006 to do so. This court's letter also reminded appellant to contact his
counsel if he needed to review any part of the appellate record to prepare a response. 
Appellant has not filed a brief or other response.

 A defendant placed on deferred adjudication community supervision may raise
issues relating to the original plea proceeding only in an appeal taken when deferred
adjudication community supervision is first imposed. Davis v. State, 195 S.W.3d 708, 710
(Tex.Crim.App. 2006); Manuel v. State, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999). 
No appeal may be taken from the trial court's decision to proceed with adjudication of guilt
on a deferred adjudication. Phynes v. State, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992);
Hargrave v. State, 10 S.W.3d 355, 357 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd). 
Appellant did not perfect appeal from the order deferring adjudication. After an
adjudication of guilt, appeal may be brought challenging issues arising at the subsequent
punishment hearing. Kirtley v. State, 56 S.W.3d 48, 51 (Tex.Crim.App. 2001). 

 Our review of counsel's brief and the record convinces us that appellate counsel
conducted a thorough review of the record. We also have independently examined the
entire record in the case to determine whether there are any non-frivolous grounds which
might support the appeal. See Penson v. Ohio, 488 U.S. 75 (1988); Stafford v. State, 813
S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds. After reviewing
the record before us and counsel's brief, we agree with counsel that the appeal is frivolous. 
See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005).

 Accordingly, counsel's motion to withdraw is granted and the judgment is affirmed.

 

 James T. Campbell

 Justice




Do not publish.