**Affirmed and Opinion Filed July 31, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01300-CR

### CHARLES EDWARD SIELOFF III, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-35795**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Schenck
Opinion by Justice Lang

Charles Edward Sieloff III appeals the trial court's judgment convicting him of driving while intoxicated. Sieloff pleaded guilty to the offense and the trial court assessed his punishment at ten years of imprisonment. Sieloff raises two issues on appeal arguing: (1) the prosecutor breached the terms of the "plea bargain agreement" by asking the trial court to impose a prison sentence; and (2) the trial court erred when it orally pronounced his sentence, ordering him to participate in the Substance Abuse Felony Program Facility (SAFPF) while serving his prison sentence. We conclude the prosecutor did not breach the terms of the oral "plea bargain agreement." Also, we conclude the variance between the trial court's unenforceable oral pronouncement of his sentence and the enforceable written judgment did not affect Sieloff's substantial rights. The trial court's judgment is affirmed.

## I. PROCEDURAL BACKGROUND

Sieloff was indicted for driving while intoxicated, enhanced to a third degree felony by two prior convictions for driving while intoxicated. Pursuant to a plea agreement with the State, Sieloff entered an open plea of guilty. Sieloff requested community supervision conditioned upon participation in a treatment program. The trial court orally pronounced his sentence as ten years of imprisonment and ordered him to be placed in SAFPF. The trial court's written judgment assessed Sieloff's punishment at ten years of imprisonment without any reference to SAFPF. Sieloff filed a motion for new trial, alleging, in part, the prosecutor's comments during sentencing breached the terms of the parties' "plea bargain agreement" and the sentence imposed violated article 42.12, section 14 of the Texas Code of Criminal Procedure. The motion for new trial was overruled by operation of law.

## II. PLEA AGREEMENT

In issue one, Sieloff argues the prosecutor breached the terms of the "plea bargain agreement" by asking the trial court to impose a prison sentence. He contends that his "plea bargain agreement" with the State called for the State to "not take any position with respect to [] Sieloff's request to the [trial court] at the time of sentencing that the [trial court] order [] Sieloff [be] placed on community supervision and that as a condition of community supervision [] Sieloff be ordered to participate in [SAFPF]." Sieloff claims that the State's failure to remain silent as to punishment breached the terms of their agreement and caused his plea of guilty to be involuntary. As a result, Sieloff contends that pursuant to the United States Supreme Court's opinion *Santobello v. New York*, 404 U.S. 257 (1971), the prosecutor's breach of the "plea bargain agreement" constitutes harmful error. The State responds that Sieloff has failed to show that the prosecutor's comments violated an alleged agreement and the prosecutor did not argue

Sieloff should not receive community supervision. Also, the State maintains that the record is insufficient to demonstrate the existence of any oral agreement between the parties.

### A. Applicable Law

A plea bargain is a contract between the State and the defendant and only the State and the defendant may alter the terms of the agreement. *Moore v. State*, 295 S.W.3d 329, 331–32 (Tex. Crim. App. 2009). The trial court's only role in the plea-bargain process is to advise the defendant whether it will accept or reject the plea bargain. *Moore*, 295 S.W.3d at 332; *see also* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2) (West Supp. 2014).

The term "open plea" at a plea bargain hearing, essentially acknowledges that the guilty plea will become open as to sentencing implications. *State v. Moore*, 240 S.W.3d 248, 254 (Tex. Crim. App. 2007). A prosecutor's agreement to make no recommendation as to a term of years is not an agreement to remain silent as to punishment. *See Hargrave v. State*, 10 S.W.3d 355, 359 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (no plea agreement or breach of agreement where defense counsel testified prosecutor promised to "stand silent"); *Dorsey v. State*, 55 S.W.3d 227, 232–33 (Tex. App.—Corpus Christi 2001, no pet.) (agreement memo between defendant and State that was not accepted or approved by trial court as plea bargain agreement was not plea bargain agreement where defendant entered open plea of guilty); *see also Krueger v. State*, No. 03-05-00093-CR, 2006 WL 305032, at *5 (Tex. App.—Austin Feb. 9, 2006, pet. ref'd) (mem. op., not designated for publication) (where there is "open plea," there is no plea bargain and State does not breach plea agreement if it fails to remain silent as to punishment).

Plea bargains play an extremely important role in the criminal judicial process and numerous federal and Texas cases emphasize the importance of implementing safeguards to protect the due process rights of defendants who waive numerous constitutional rights during that process. *Bitterman v. State*, 180 S.W.3d 139, 141 (Tex. Crim. App. 2005) (citing

*Santobello*, 404 U.S. at 264 (Douglas, J., concurring)). It is well established that a defendant has the right to have the State honor the terms of a plea agreement once the trial court has accepted the defendant's plea in open court. *Bitterman*, 180 S.W.3d at 141. The State must keep up its part of the agreement or a guilty plea will be rendered involuntary. *Bitterman*, 180 S.W.3d at 141.

### B. Application of the Law to the Facts

The written "Plea Agreement" between the State and Sieloff states that it is "Open as to: Community Supervision." During the hearing, the trial court admonished Sieloff that the offense was a third degree felony and the range of punishment was "from two to ten years [of] confinement and an optional fine not to exceed $10,000[.]" Also, Sieloff stated that he wanted to proceed with the plea of guilty and have the trial court determine what punishment was appropriate in his case, and he acknowledged that he could receive "hard time." In addition, Sieloff requested that the trial court place him on community supervision so that he could undergo treatment. During closing argument, the State's entire argument consisted of the following statement:

> He's had numerous DWIs. It's obvious he's had treatment. He's had pen time. There just comes a point where, if you are going to consider any kind of treatment, it needs to be something like SAFPF along with [community supervision] or, in the alternative, a prison sentence will also keep him off the streets and sober for the next several years.

Sieloff did not object to the State's closing argument. However, it is this statement that Sieloff contends violated the terms of their "plea bargain agreement." Finally, the trial court's judgment states, "Terms of Plea Bargain: Open."

In his motion for new trial, Sieloff argued that the prosecutor's comments breached the parties' agreement. In support of his motion for new trial, Sieloff attached the affidavit of his defense counsel stating, in part:

> After several conversations[,] [the prosecutor] and I reached an agreement whereby [] Sieloff agreed to plead guilty to the offense charged in the indictment in this case and . . . to forego pursuing his rights under his Motion to Suppress Evidence, which was scheduled for a hearing, in return for the State not making any statement at the punishment or sentencing hearing relating to [] Sieloff's request for community supervision and [] Sieloff's request for the trial court to order him to SAFPF. Although that agreement was not included in the paperwork prepared in connection with [] Sieloff's plea of guilty in this case, I informed the trial court in advance of the sentencing proceeding in the *Seiloff* [sic] case of the agreement set forth above.

The State did not respond to Sieloff's motion for new trial, which was overruled by operation of law.

In this case, defense counsel did not object to the prosecutor's statement during closing argument. Also, defense counsel testified through his affidavit, which was attached to his motion for new trial, that the prosecutor orally agreed to "make no statement" as to punishment or his request for community supervision. He also stated that he advised the trial court of this oral agreement. Further, he conceded that the agreement did not appear in any of the paperwork prepared in connection with the plea agreement. We defer to the trial court's determination as to existence of the alleged oral agreement between the parties. *See Hargrave*, 10 S.W.3d at 359. Accordingly, we conclude the prosecutor did not breach the alleged oral plea bargain agreement between the parties. *See Hargrave*, 10 S.W.3d at 359; *Dorsey*, 55 S.W.3d at 232–33; *see also Krueger*, 2006 WL 305032, at *5.

Issue one is decided against Sieloff.

### III. SENTENCE

In issue two, Sieloff argues the trial court erred when it orally pronounced his sentence, ordering him to participate in SAFPF while serving his prison sentence of ten years. The trial court's written judgment makes no reference to SAFPF. He contends that SAFPF is available only to defendants who are placed on community supervision and the trial court sentenced him to ten years of imprisonment. As a result, Sieloff maintains that the trial court's judgment should

be reversed and remanded so that it may resolve the incompatible sentence. The State concedes that the trial court erred when it ordered Sieloff to participate in SAFPF while in prison. However, the State maintains that the appropriate remedy is to vacate the trial court's order requiring Sieloff to participate in SAFPF.

## A. Applicable Law

A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2014). The offense of driving while intoxicated is a third degree felony if it is shown that the person has previously been convicted two times of any other offense relating to the operating of a motor vehicle while intoxicated. TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2014). An individual adjudged guilty of a felony of the third degree shall be punished by imprisonment for any term not more than ten years or less than two years. TEX. PENAL CODE ANN. § 12.34(a) (West 2011). Article 42.12, section 14 provides that SAFPF may be ordered as a condition of community supervision for any felony, other than certain enumerated sex offenses, if the trial court makes the requisite findings regarding the role of drug or alcohol abuse in the commission of the offense and that the defendant is a suitable candidate for SAFPF. *See* TEX. CODE CRIM. PROC. ANN. art. art. 42.12, § 14(a), (b) (West Supp. 2014); TEX. GOV'T CODE ANN. § 493.009 (West Supp. 2014) (Substance Abuse Felony Punishment Facilities); *Ex parte Wilson*, 171 S.W.3d 925, 930 (Tex. App.—Dallas 2005, no pet.). A sentence not authorized by law is unenforceable. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003); *Ribelin v. State*, 1 S.W.3d 882, 884 (Tex. App.—Fort Worth 1999, pet. ref'd).

Fairness to a defendant requires that his sentence be "pronounced orally in his presence." *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014) (quoting *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004)); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.03 (West Supp.

2014) ("[S]entence shall be pronounced in the defendant's presence."). A written judgment is simply the "declaration and embodiment" of that oral pronouncement. *Burt*, 445 S.W.3d at 757 (quoting *Taylor*, 131 S.W.3d at 500). When there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls. *Burt*, 445 S.W.3d at 757; *Taylor*, 131 S.W.3d at 500. A trial court has neither the statutory authority nor the discretion to orally pronounce one sentence in front of the defendant, but enter a different written judgment outside the defendant's presence. *Burt*, 445 S.W.3d at 757; *Ex parte Madding*, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002). The defendant has a legitimate expectation that the punishment he heard at trial match the punishment he actually receives. *Burt*, 445 S.W.3d at 757; *Madding*, 70 S.W.3d at 136.

However, when the orally pronounced sentence is illegal and unenforceable, but the sentence in the written judgment is legal and enforceable, there is an exception to the general rule. *See State v. Posey*, 300 S.W.3d 23, 34 (Tex. App.—Texarkana 2009), *affirmed on other grounds by* 330 S.W.3d 311 (Tex. Crim. App. 2011); *Ribelin v. State*, 1 S.W.3d at 885; *see also Epps v. State*, No. 05-07-00040-CR, 2007 WL 2446546, at *3 (Tex. App.—Dallas Aug. 17, 2007, no pet.) (not designated for publication); *Harper v. State*, No. 05-03-00442-CR, 2004 WL 1738881, at *2 (Tex. App.—Dallas Aug. 4, 2004, pet. ref'd) (not designated for publication); *Mapps v. State*, No. 05-03-01039-CR, 2004 WL 1173401, at *2 (Tex. App.—Dallas May 27, 2004, no pet.) (not designated for publication); *Tucker v. State*, No. 05-02-00616-CR, 2003 WL 42438, at *3 (Tex. App.—Dallas Jan. 7, 2003, pet. ref'd) (not designated for publication). In such cases, the written judgment is not reformed or modified to conform to the illegal sentence that was orally pronounced. *See Posey*, 300 S.W.3d at 34; *Ribelin*, 1 S.W.3d at 885; *see also Epps*, 2007 WL 2446546, at *3; *Mapps*, 2004 WL 1173401, at *2; *Tucker*, 2003 WL 42438, at *3; *see generally, Burt*, 445 S.W.3d at 757–58 (it is appropriate to delete written restitution

order, rather than vacate order and remand case for restitution hearing, where trial court does not have the statutory authority to impose restitution). Instead, the only issue on appeal is whether the variance affects the defendant's substantial rights. *See Posey*, 300 S.W.3d at 34–35; *Ribelin*, 1 S.W.3d at 885; *see also Epps*, 2007 WL 2446546, at *3; *Harper*, 2004 WL 1738881, at *2; *Mapps*, 2004 WL 1173401, at *2; *Tucker*, 2003 WL 42438, at *3.

Pursuant to rule 44.2(b), "Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b). An appellate court may only reverse the judgment if the variance between the trial court's unenforceable oral pronouncement and enforceable written judgment affected the defendant's substantial rights. *Posey*, 300 S.W.3d at 35; *Ribelin*, 1 S.W.3d at 885. Article 42.01, section 1, of the Texas Code of Criminal Procedure provides that "[t]he sentence served shall be based on the information contained in the judgment." TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1; *Posey*, 300 S.W.3d at 34. As a result, any variance between an unenforceable sentence in the oral pronouncement and an enforceable sentence in the written judgment usually does not affect the defendant's substantial rights and the variance is disregarded. *See Posey*, 300 S.W.3d at 34–35; *Ribelin*, 1 S.W.3d at 884–85; *see also Epps*, 2007 WL 2446546, at *3; *Mapps*, 2004 WL 1173401, at *2; *Tucker*, 2003 WL 42438, at *3.

### B. Application of the Law to the Facts

At the conclusion of the hearing on Sieloff's guilty plea, the trial court orally pronounced Sieloff's sentence:

> Mr. Sieloff, I'll be the first to admit that I understand that alcoholism is a disease, and I am empathetic with that. But, sir, you have been given at least six chances. And I know for a fact, because I was a defense attorney for twenty years, I was never a prosecutor, so I know every time you got probation, part of your probation was help.
>
> And how dare you get in your car and go out and drink and drive with six DWIs. And yes, . . . I will say that your lawyer has fought very hard for you—age is

important. Age is important with all the young people and the young families that have been killed on the highways because of someone like you.

. . . .

Sir, I am going to find that you are mentally competent. I am going to find that you are guilty of DWI third, and I am going to sentence you to ten years confinement in the Texas Department of Criminal Justice [(TDC)]. And in my order, I am ordering you to be placed in the SAFPF program while you are at TDC and any other program that the TDC deems appropriate.

However, the trial court's written judgment assesses Sieloff's punishment at ten years of imprisonment. The trial court's written judgment does not order Sieloff to participate in SAFPF nor is there a separate written order in the record showing that Sieloff is required to participate in SAFPF as a condition of his sentence.

Although the parties agree the trial court's oral pronouncement is unenforceable, they fail to address the variance between the unenforceable oral pronouncement and the enforceable written judgment. Here, contrary to the parties arguments on appeal, the trial court's error does not arise from the imposition of an illegal sentence, but from the variance between the trial court's oral pronouncement of sentence and its written judgment. *See Ribelin*, 1 S.W.3d at 885; *see also Mapps*, 2004 WL 1173401, at *2; *Tucker*, 2003 WL 42438, at *3. As a result, we must determine whether the variance was harmful error because it affected Sieloff's substantial rights. *See Posey*, 300 S.W.3d at 34–35; *Ribelin*, 1 S.W.3d at 885; *see also Epps*, 2007 WL 2446546, at *3; *Harper*, 2004 WL 1738881, at *2; *Mapps*, 2004 WL 1173401, at *2; *Tucker*, 2003 WL 42438, at *3.

Nothing in the record suggests that Sieloff pleaded guilty based on an agreement that he would receive community supervision with the condition that he participate in SAFPF. Rather, as Sieloff argues in his first issue on appeal, he had an open plea agreement. The written judgment is within the statutory range of punishment applicable to a third degree felony offense. *See* TEX. PENAL CODE ANN. §§ 12.34(a), 49.04(a), 49.09(b)(2). Further, pursuant to the Texas

Code of Criminal Procedure, the sentence Sieloff serves shall be based on the judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1. The parties do not argue that Sieloff is currently participating in SAFPF. Accordingly, we conclude the variance between the trial court's unenforceable oral pronouncement and the enforceable written judgment did not affect Sieloff's substantial rights. As a result, any variance between the unenforceable sentence in the oral pronouncement and the enforceable sentence in the written judgment does not affect Sieloff's substantial rights, so we disregard the variance. *See Posey*, 300 S.W.3d at 34–35; *Ribelin*, 1 S.W.3d at 884–85; *see also Epps*, 2007 WL 2446546, at *3; *Harper*, 2004 WL 1738881, at *2; *Mapps*, 2004 WL 1173401, at *2; *Tucker*, 2003 WL 42438, at *3.

Issue two is decided against Sieloff.

## IV. CONCLUSION

The prosecutor did not breach the terms of the plea bargain agreement. Also, the variance between the trial court's unenforceable oral pronouncement of his sentence and the enforceable written judgment did not affect Sieloff's substantial rights.

The trial court's judgment is affirmed.


/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
141300F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHARLES EDWARD SIELOFF III,
Appellant

No. 05-14-01300-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F10-35795.
Opinion delivered by Justice Lang. Justices
Bridges and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 31st day of July, 2015.