COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-293-CR

 

 

ROBERT LELAND BISHOP                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Robert Leland
Bishop entered a negotiated plea of guilty to possession of a controlled
substance, methamphetamine, of four grams or more but less than 200 grams.  Following the terms of the plea bargain agreement,
the trial court assessed Appellant=s punishment at six years= confinement.  Pursuant to Anders
v. California,[2]
Appellant=s
court-appointed counsel has filed a motion to withdraw as counsel and a brief
in support of that motion.  We affirm.

                                Procedural
Background 

On June 15, 2005, Appellant
was indicted for possession of methamphetamine in an amount of 400 grams or
more, a first degree felony punishable by confinement for life or a term of not
more than 99 years or less than 10 years and a fine not to exceed $100,000.  See Tex.
Health & Safety Code Ann. ' 481.115(f) (Vernon 2003). 
Appellant was released on a $15,000 bond; on August 16, 2005 the surety
on Appellant=s bond filed an affidavit to surrender
Appellant and a warrant was issued for his arrest.  Appellant was located in Oklahoma and
extradition proceedings were initiated by the State of Texas.  On September 30, 2005, at the State=s request the
court declared the bond insufficient and ordered Appellant held in jail until
further order of the court.








On October 14, 2005, the State filed a motion to prosecute
the case on a lesser charge, possession of a controlled
substance, methamphetamine, of four grams or more but less than 200 grams, a second degree
felony punishable by confinement for a term of not more than 20 years or less
than 2 years and a fine not to exceed $10,000. 
See id. ' 481.115(d); Tex. Penal Code Ann. ' 12.33 (Vernon
2003).

Also on October 14, 2005, Appellant signed a Judicial
Confession and written plea admonishments, acknowledging that he was entering a
plea of guilty to the lesser-included offense of possession of methamphetamine
in an amount of four grams or more but less than 200
grams.  The plea agreement included assessment of
punishment at six years= confinement.  At a hearing
in open court, the trial judge thoroughly admonished Appellant concerning the
consequences of his plea and questioned him regarding whether he was pleading
guilty freely and voluntarily.  Appellant
acknowledged that before he signed his Judicial Confession and agreed to the
plea bargain and pled guilty in open court to the lesser-included offense, he
had reviewed the plea bargain offer and the plea papers with his retained
attorney.  Appellant stated that he was
pleading guilty freely and voluntarily. 
Both Appellant and his counsel told the court that Appellant was
competent to enter his plea.








The court informed the
parties that the hearing would be continued in January; the court further
stated that it had approved a personal recognizance bond in anticipation of the
guilty plea.  After admonishing Appellant
and accepting his plea of guilty and being informed that the State=s recommendation would be six years= confinement, the trial court recessed the hearing without making a
finding on Appellant=s plea of
guilty and without making a finding regarding the plea bargain.  The record reflects that the case was reset
four times before the final hearing that was held on August 11, 2006.  During that period of time, the court ordered
preparation of a presentence investigation report, Appellant=s retained counsel was permitted to withdraw, and Appellant filed an
affidavit of indigency and was appointed new counsel.

On August 4, 2006, Appellant=s newly-appointed counsel filed a motion to rescind Appellant=s plea of guilty.  In the
motion, Appellant claimed he was Anot in his right senses when he originally entered his plea of guilty,
and that plea was more the product of his lawyer=s insistence that Defendant accept a deal than Defendant=s free, knowing, and voluntary admission of guilt.@








On August 11, 2006, the court
held a hearing on Appellant=s motion.  Appellant testified
that he thought he was pleading Ano contest@ rather than
Aguilty@ when he
entered his guilty plea and accepted the State=s plea bargain offer.  Appellant
stated that his prior attorney had told him he was signing a plea of no contest
and Appellant could not read it because he did not have his glasses.[3]  Appellant acknowledged that at the time he
entered his plea he knew he was scheduled to come back to court in 60 days to
resume the hearing, and he knew that the State had agreed to reduce the charge
against him from a first degree to a second degree felony.  However, he said he had been in an Oklahoma
jail for twenty-two days and was having problems with his diabetes and that he
had been told that if he did not take the plea agreement, Athey would send my wife up.@[4]

The court reviewed with
Appellant the Judicial Confession that he had previously signed, and Appellant
admitted that it was his signature. Appellant further admitted that when the
court had asked him on October 14, 2005 whether he had reviewed the Judicial
Confession with his attorney, Appellant had answered affirmatively.  At the conclusion of the August 11, 2006
hearing, the trial court denied Appellant=s motion to rescind his guilty plea, found Appellant guilty based upon
the guilty plea he had previously entered, and assessed Appellant=s punishment at six years= confinement.  The court=s certification of Appellant=s right of appeal reflects that the court gave permission to Appellant
to appeal.  See Tex. R. App. P. 25.2(a)(2)(B).

                         Independent
Review Of The Record








Appellant=s court-appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  In his motion
and brief, counsel avers that in his professional opinion this appeal is wholly
frivolous.  Counsel=s brief and motion
meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct.
1396, by presenting a professional evaluation of the record demonstrating why
there are no reversible grounds on appeal and referencing any grounds that
might arguably support the appeal.  See
Mays v. State, 904 S.W.2d 920, 922-23 (Tex. App.CFort Worth 1995,
no pet.).  Appellant was provided the
opportunity to file a pro se brief but has not filed one.  The State has responded that it has nothing
to add to the material submitted by Appellant=s counsel.

In our duties as a reviewing court, we must conduct an
independent evaluation of the record to ascertain whether counsel is correct in
determining that the appeal is frivolous. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991); Mays, 904 S.W.2d at 923. 
Only then may we grant counsel=s motion to
withdraw.  See Penson v. Ohio, 488
U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988).

                                           Discussion 








Our review of the record
reveals that there are no jurisdictional errors.  The indictment conferred jurisdiction on the
trial court and provided Appellant with sufficient notice to prepare a
defense.  See Tex. Const. art. V, ' 12; Tex. Code Crim. Proc. Ann.
art. 4.05 (Vernon 2005); Duron
v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

A guilty plea must be freely,
knowingly, and voluntarily made.  Brady
v. United States, 397 U.S. 742, 748, 90 S. Ct. 1463, 1468‑69 (1970); Mitschke
v. State, 129 S.W.3d 130, 135-36 (Tex. Crim. App. 2004).  In considering the voluntariness of a guilty
plea, the court should examine the record as a whole.  Martinez v. State, 981 S.W.2d 195, 197
(Tex. Crim. App. 1998); see also  Tex. Code Crim. Proc. Ann. art. 26.13
(Vernon 1989 & Supp. 2006).  When the
record reflects that a defendant was properly admonished, it presents a prima
facie showing that the guilty plea was knowing and voluntary.  Martinez, 981 S.W.2d at 197; Ribelin
v. State, 1 S.W.3d 882, 884 (Tex. App.CFort Worth 1999, pet. ref=d).  The burden then shifts to
the defendant to demonstrate that his plea was not voluntary.  Martinez, 981 S.W.2d at 197; Ribelin,
1 S.W.3d at 884.








Considering the record as a
whole, it is apparent that on October 14, 2005, Appellant knowingly and
voluntarily pled guilty to the lesser-included offense of possession of a
controlled substance, methamphetamine, of four grams or more but less than 200
grams.  After being admonished in writing
and by the trial court regarding the consequences of his plea, Appellant
insisted on pleading guilty and admitted his guilt in open court.  Nothing in the record would support a claim
that Appellant=s plea was
involuntary.  See Martinez,
981 S.W.2d at 197.

The record also would not
support an ineffective assistance of counsel claim because there is no evidence
that trial counsel=s
performance was deficient.  See
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State,
988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

Applying the appropriate
standards of review,[5]
we hold that the evidence adduced at the October 14, 2005 plea hearing,
including Appellant=s Judicial
Confession, his Consent To Stipulation Of Evidence, and his own testimony, supports
a finding that the evidence is legally and factually sufficient to establish
that Appellant possessed a controlled substance, methamphetamine, of four grams
or more but less than 200 grams.








The trial court assessed
Appellant=s punishment
at six years=
confinement, which is within the punishment range authorized for conviction of
a second degree felony.  See Tex. Penal Code Ann. ' 12.33.  Generally, punishment assessed within the
statutory limits is not excessive, cruel, or unusual punishment.  Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Dale v. State, 170 S.W.3d 797, 799 (Tex. App.CFort Worth 2005, no pet.).  The
trial court=s judgment
accurately reflects the offense for which Appellant was convicted and the
punishment assessed.

                                           Conclusion

We have carefully reviewed
the record before us, including the indictment, the judgment, the reporter=s records from the guilty plea hearing,  the hearing on Appellant=s motion to rescind his guilty plea, and the sentencing hearing, and
counsel=s brief.  We agree that the
appeal is wholly frivolous and without merit. 
We find nothing in the record that might arguably support the
appeal.  See Bledsoe v. State, 178
S.W.3d 824, 827 (Tex. Crim. App. 2005). 
Therefore, we grant the motion to withdraw filed by Appellant=s counsel and affirm the trial court=s judgment.

 

PER CURIAM

PANEL F: 
HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

                                                    








DELIVERED:  May 24, 2007











[1]See Tex. R.
App. P. 47.4. 





[2]386 U.S. 738, 87 S. Ct. 1396
(1967).





[3]Appellant=s prior attorney was not called to
testify.





[4]Appellant=s brief states that his wife was
his co-defendant.





[5]See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct.
2781, 2789 (1979); Hampton v. State, 165 S.W.3d 691, 693 (Tex. Crim.
App. 2005) (both setting out the legal sufficiency standard of review); Watson
v. State, 204 S.W.3d 404, 414-17 (Tex. Crim. App. 2006); Drichas v.
State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005) (both setting out the factual
sufficiency standard of review).